NelsoN, J.,
delivered the opinion of the Court.
Elizabeth Snelling, an idiot, departed this life, leaving as her heirs at law, one brother, a sister, the daughter of a deceased sister, and the children of a deceased brother, Lemuel; and this petition was filed in the County Court of Bedford, by the said children, and the heirs of Lemuel, against the proper parties, for a partition or sale of the *486 tract of land therein described, of which the said Elizabeth was the owner at the time of her death.
Lemuel Snelling died previously to his sister Elizabeth, and it may be inferred that her brother John died subsequently. The defendants, who are the heirs of John, insist that complainants are not entitled to partition, because they say that Lemuel Snelling, the father of petitioners, conveyed his prospective interest in the land to their father, John Snelling, by a deed executed in the lifetime of Elizabeth Snelling, bearing date 28th November, 1846, and duly registered 2nd January, 1847, in the Register’s Office of Bedford County; and because they say further, that the County Court of Bedford had no jurisdiction of the petition for partition. The case stands on petition and answer, from which it appears that Harriet Arnold, the daughter of the deceased sister of Elizabeth Snelling, whose name, together with that of her husband, James H. Arnold, was signed to said deed, of 28th November, 1846, filed, a bill in the Chancery Court at Shelbyville, and caused the deed to be annulled, as to her, for want of a privy examination, and had one-fourth part of the land assigned to her as her share. No copy of said proceedings in the'Chancery Court is exhibited; but it is not a little remarkable that all the questions between the tenants in common were not adjusted and full partition made between them in that suit.
Under section 3266 of the Code, the County, Circuit and Chancery Courts of this State have concurrent jurisdiction of partition cases, by bill or petition; and by section 4201, sub-section ft, it is provided that the County Courts shall have original jurisdiction of “the partition *487 and distribution of tbe estates óf decedents and, for these purposes, the power to sell the real and personal property belonging to such estates, if necessary to make the partition and distribution, or if manifestly for the interest of the parties.” Section 2949 provides that “the rules of practice of the Chancery Court, as prescribed in chapter 3, of title 10, of this part of the Code, will apply to all cases in equity, or in tbe nature of equity, in all the judicial tribunals of this State, unless otherwise expressly provided.” Section 4204 declares that “the County Court is, moreover, in case of concurrent jurisdiction, vested with all the incidental powers belonging to or conferred by law upon the Court with which its jurisdiction is concurrent, for the purpose of exercising and effectuating such jurisdiction.” Section 4321 provides that “the filing of an answer is a waiver of objection to the jurisdiction of the Courts, and the cause shall not be dismissed, but heard and determined upon its merits, although the Court may be of opinion that the matters complained of are of legal cognizance.”
The section last cited is embraced in pt. 3, chapter 2, title 10, of the Code, and is, of course, not referred to or embraced in the provisions of section 2949. It does not authorize a waiver of the jurisdiction of the County Court, but is confined to the Chancery Courts alone. Nor can the jurisdiction of the County Court be conferred by consent, or by the filing an answer, under section 4204; for that section refers alone to incidental provision and not to the express power conferring jurisdiction in Chancery by filing an answer. Before the adoption of the Code, it was held, in Young v. Shumate, 3 Sneed, 371, under the law *488 then in force, that the jurisdiction of the County Court, ‘^though of an equitable nature, is very limited in its extent; it is merely what the statute has expressly conferred, and nothing more;” and that after the making and completion of the sale, its jurisdiction was exhausted, and it had no power to relieve a purchaser against the payment of the consideration money, and that he must resort to a court of equity. After the enactment of the Code, as one great comprehensive statute, it was determined in Bond v. Clay, 3 Head, 379, 380, that the County Court has no jurisdiction to relieve the purchaser of land sold under its authority, on the ground of a defect of title; that sections 4204 and 4205 were not intended to confer any new and enlarged jurisdiction, and were merely declaratory of the law as it previously existed; and that “for obvious reasons, the jurisdiction is not to be extended upon doubtful implications.” The cases of Young v. Shumate, and Bond v. Clay, were cited with approbation, and followed in Young v. Thompson, 2 Cold., 599, 600; Porter v. Woodard, 4 Cold., 599; the latter case ,being also reported in 5 Cold., 86; Shackelford, J., dissenting, but no dissenting opinion reported.
We are content to follow these cases, and hold that the County Court has jurisdiction in cases of partition and sale, but not to any greater extent than is specified in the cases cited. We are not, any more than our predecessors, disposed to extend the jurisdiction by construe-’ tion, knowing as we do that great litigation has existed throughout the State in consequence of the hasty, imperfect and inartificial manner in which this jurisdiction has been exercised in the division, or sale, of large estates belonging *489 to minors, married women, and others, in cases where tbe County' Courts were without the assistance of counsel, or where counsel appeared on one side only. It is not to be expected that Courts whose members are, generally, without skill or training in a knowledge of the law, should be as capable of exercising jurisdiction correctly as the Chancery Courts, which are usually composed of persons familiar with legal science and learned in equity jurisprudence, although they are more capable, from their local knowledge, of deciding questions of county police. But, in a case like this, even the Chancery Courts could not grant relief without a waiver of jurisdiction, as it has long been the settled law of this State, that “on a petition, or bill, for the partition of lands between joint tenants, or tenants in common, a court of equity will not take jurisdiction of, and adjudicate upon, conflicting titles: See Whillock v. Hale, 10 Hum., 65; Nicely v. Boyles, 4 Hum., 178; Bruton v. Rutland, 3 Hum., 436; Butler v. King, 2 Hay., 122; Trayner v. Brooks, 2 Coop. (Hay. R.,) 427, foot p.
Here, there is a direct conflict of title. The complainants claim as heirs of Elizabeth Snelling through their father. The defendants claim that the father divested himself of title before his death, and produce his deed. The complainants urge in argument, that the deed did not pass the title, for the want of words inheritance. The defendants insist that, upon a true construction of the deed, those words may be supplied, and that the deed, at any rate, operates as an estoppel. The complainants, by their counsel, deny this, and maintain further, that the deed under which defendants claim, was executed before *490 the death of Elizabeth Snelling, and is void as the sale of a mere possibility in real estate. And finally, the' defendants earnestly maintain that a sale of such a possibility is valid. Numerous authorities are cited, on both sides, and a case more unfit for the exercise of County Court jurisdiction could scarcely be presented. But, for the cases we have referred to, we should say that the Chancery Court is, pre-eminently, an appropriate tribunal in which questions like these should be determined,[1] and that, upon a bill filed to remove a cloud from the title, the jurisdiction to decree partition would result as a necessary incident. Without, however, deciding that question, it is sufficient to announce that this Court has no other jurisdiction by the appeal than was vested in the County Court; and that,, as it appears from the pleadings that the title is litigated, the bill shall be dismissed for want of jurisdiction, but without prejudice.
The decree of the County Court will be reversed for this reason, and the costs in both Courts be adjudged against complainants.

 See Code, 3277, where this power is expressly conferred, in accordance with the views of the learned Judge.