FURMAN & CO., *et als. v.* E. M. NORTH, *et als.*

EQUITY PLEADING. *Release after issue joined.* Bill had been filed for an account, and for the execution of a deed of trust. Answer was put in making no defence to the relief sought, but pending the suit a release was executed, which was proven by one of the defendants, and made an exhibit to his deposition.

*Held,* that, as no pleading of any kind presents the issue of such release, the decree is based alone on the statements of a deposition, and not on any case made by either of the parties, and is, therefore, unauthorized and erroneous. Under our liberal practice, an amended answer might be filed, putting in issue the matter of the defence.

Kerr on Frauds, page —; Story's Eq. Pl., §393, Redf. Ed.

---

FROM SMITH.

---

Appeal from the Chancery Court.     J. O. SHACKLE-FORD, Chancellor.

A. A. SWOPE for Furman.

JAMES W. MCHENRY and W. H. DEWITT for North.

FREEMAN, J., delivered the opinion of the Court.

This bill alleges that E. M. North and Jarrott Tucker are indebted to complainants by certain promissory notes executed in January, 1861. That North and Tucker made a deed of trust to secure these

notes, conveying various articles of personal property
and a tract of land, which appears to have been owned
by North, at any rate he had the equitable title.
This deed was made to one White. The prayer of
the bill is for an account of such payments as had
been made, and for the execution of the trust by a
sale of the land, with application of proceeds to the
payment of the debts secured. This bill was filed in
1865. In October, 1865, North filed his answer, in
which he admits the statements of the bill as to the
notes, the making of the deed of trust, claims some
payments, and asks that certain assets arising from sale
of personalty be collected and first applied to the
debts; but makes no defence arising out of the fact
that he was surety, joint obligor, or in fact, any de-
fence whatever, against the relief sought. The case
progressed, being consolidated with several other causes,
for what reason does not very clearly appear, with no
additional pleadings defensive to the bill of complain-
ants, and was ultimately heard on the issues thus made.
In 1870 or 1871, the deposition of Tucker was taken,
when he proves a paper and makes it an exhibit to
his deposition, which, in substance and fact, shows a
voluntary release of the debts so far as he is concerned
by complainants, based on a statement of Tucker's,
that he was poor, had but one leg, and had nothing
but a small amount of money, about enough to pay
the expenses of a bankrupt proceedings. In other
words, Tucker requests they shall release the debts,
and the parties sign a paper, saying, "we hereby re-

lease said Tucker from his indebtedness, as requested." This was of date October, 1867.

The notes of Tucker. and North, however, were never given up, nor the bill dismissed, nor agreed to be dismissed. The Chancellor on the hearing held, that the release was for a valuable consideration, that North was the surety of Tucker, and that North was released from his liability, as the result of the release to Tucker, and the deed of trust discharged.

We think this question was not involved in the issues made by the pleadings in the case. No such question was before the Chancellor for decision, no such defence had been made by North. In fact, it could not have been made in 1865, when his answer was filed, not being executed until 1867. Certainly, if so important a defence was to be introduced by which complainants bill was to be defeated, it should have been alleged in some pleading, so that an issue could have been made on it. It might have been obtained by fraud, or for other causes might be invalid and not binding. If so, complainants had the right to have notice in the pleadings that such defence was to be made, that they might have a chance to rebut and overturn it if they could. In a word, we think it an elementary principle, that a Court of Chancery as well as Law, only tries the questions of fact alleged by complainants, and the matters of defence set up by defendants in responsive pleading, and declares the legal result. No pleading of any kind in this case, presents the issue of such a release as is the basis of the

Chancellor's decree, the same has no foundation on which to rest, is based alone on the statements of a deposition, and not on any case made by the parties either complainants or respondents, and is, therefore, unauthorized and erroneous, and should be reversed.    Neither allegation without proof, nor proof without allegation, can be the basis of a decree, is a principle we believe axiomatic in our jurisprudence.    See Kerr on Frauds, p. —, and cases cited.    Under the pleadings in this case, the parties had as much right to have proven that North was a minor or insane when he signed the note, and had a decree in their favor on this issue as on the issue of a release, as presented in this record.    Mr. Story puts this question beyond all dispute; Eq. P., §393, Redf. Ed.    In treating of a cross-bill and the necessity of resorting to it as a mode of defence, when the party could not avail himself of the defence in any other way, he says : "Thus, if the matter of defence arises after the cause is at issue, as if the plaintiff has given the defendant a release, or an award on reference after issue joined," the party must resort to a cross-bill.    Again, he puts this very case, where, pending a suit after issue joined, the defendants obtained a release, and attempted to prove it *viva voce* at the hearing, it was determined, the release not being in issue in the cause, the Court could not try the fact, nor direct a trial at law, but a new bill must be filed to put the release in issue.    Under our liberal practice, an amended answer might be filed by leave of Court, putting in issue the matter of the defence.

In the next case we may add that the fact that North was surety is not presented in the pleadings, but comes out on proof alone. This, however, would not materially change the legal rights of the parties, and need not be discussed.

A majority of the Court are of opinion that this is a proper case to remand with leave to amend, if desired, so as to put the release in issue; the Court, however, expressing no opinion on that question, that is, as to the validity or invalidity of the release or its effect. In this I do not concur.

The case will be remanded, and the costs of this Court be paid by defendants.