6L 517
9L 68

ED. MEREDITH AND WIFE *v.* DAVID LITTLE *et al.*

SUPREME COURT. *Decrees.* A decree of the supreme court upon a matter not involved in the cause or in issue by the pleadings, is *coram non judice* and void.

FROM WHITE.

Appeal from the Chancery Court at Sparta. W. G. CROWLEY, Ch.

THOS. & D. L. SNODGRASS for complainants.

T. J. R. SWOFFORD and H. C. SNODGRASS for defendants.

MCFARLAND, J., delivered the opinion of the court.

This was a bill filed some years ago to have a settlement of the accounts of David Little as former guardian of Mrs. Meredith, and to have a decree against said Little and his sureties for the balance.

The cause was before this court and a decree rendered on the 14th .day of March, 1874, reversing the decree below in two respects—first, in charging the guardian with interest during the war, and second, in disallowing payments made to the husband of Mrs. Meredith.

The cross-bill of the defendants was dismissed and the costs upon both branches of the cause adjudged.

The decree then recites that it appeared to the court from the petition of Edward · Meredith and wife, filed in *this* court (meaning the supreme court), from the record in the case, as well as the record in the case of G. M. Fogg *et al. v.* John B. Rogers, David Little *et al.,* that the $2,000 credited to the defendants in this case for lands conveyed by David Little and others on the 28th day of January, 1869, to the complainant, Elizabeth, was composed in part of 58⅔ acres of land which has been lost to complainant, Elizabeth, at this term of the court, in the suit last above named, and to the extent of the value of said 58⅔ acres of land, the same is no payment to the said Elizabeth in discharge of her guardian's liability, the cause is therefore remanded, to the end that the account be taken so as not to charge the guardian with interest during the war; second, to allow credits for payments made to the husband; and third, charging the defendants, with the value of the 58⅔ acres of land and the interest, lost, *if so lost,* to the said Elizabeth in the suit of Fogg and others against John B. Rogers and others. The decree then concludes as follows:

" It is not intended by this decree to adjudicate any question in relation to the 58⅔ acres of land so as to prevent defendants from relying on the payment as a valid and legal payment."

The cause was remanded and the account taken, charging the defendants with the value of the 58⅔ acres of land, but the chancellor sustained the defendants' exception to this item and refused to disturb the.

Meredith *v.* Little.

credit for $2,000 originally obtained by the guardian for the land conveyed to his former ward. The complainants again bring the case up by appeal, and we understand the item as to the land now to be the only matter in dispute.

The chancellor's action was based upon the ground that the complainants in their bill made no complaint in regard to the loss of the 58$\frac{3}{8}$ acres of land—on the contrary, distinctly admit that $2,000 of the sum due from the guardian had been paid by the conveyance of the land—the relief sought by the bill relating to other matters. Neither was there in the pleadings anything raising the question, nor was there any legitimate evidence of the loss of the land, or that the complainants had been evicted; and the chancellor was further of opinion that the remedy of complainants, if any, was upon the covenants in their deed, and the land having been received in payment of $2,000 of the guardian's liability, the payment could not in any event be set aside as to the surety of the guardian. He was of opinion that the decree of this court, taken as a whole, was not intended to adjudge anything in regard to the 58$\frac{3}{8}$ acres of land.

His Honor's conclusions are undoubtedly correct. The decree of this court probably only intended to suggest that, upon the cause being remanded, the matter as to the 58$\frac{3}{8}$ acres of land might be inquired into upon being brought before the court by amended bill or other appropriate pleading.

But if the language of the decree implies an adjudication of any question in reference to said land, it

being upon a matter entirely outside of anything involved in the pleading, the decree in this respect would be *coram non judice* and void.

There was not only nothing in the pleadings authorizing the adjudication, but the distinct averments of the origi al bill, answer and cross-bill, and answer thereto, excludes altogether the consideration of the question, as they all admit that $2,000 was paid by the conveyance of the land in question.

This court has no more power than an inferior court to pronounce a decree binding upon the parties upon matters which are not brought before it in the regular mode for adjudication, but are entirely outside of the cause.

It being clear that there was nothing in the pleadings or record before this court authorizing the adjudication of the question, any adjudication, if made, must be treated as a nullity. This court exercises only appellate jurisdiction, and consequently the petition presented to it, accompanied by the record of the case of Fogg v. Rogers *et al.*, could not give the court jurisdiction of any matter not previously involved in the pleading and record of the cause in question. Such matters could possibly be looked to in determining the propriety of remanding the cause for amendment, and even this is doubtful, but certainly anything beyond this contained in the decree was by mere inadvertence.

No amendment having been made after the cause was remanded, his Honor was correct in holding that proof upon the question as to the loss and value of

the 58¾ acres of land was irrelevant. It is an elementary principle, that the proof must correspond with the allegations and be confined to the point in issue. Upon this question the defendants had never been impleaded or called to answer.

The petition to rehear, filed before the chancellor, complains principally that complainants were misled and deprived of the proper evidence as to the loss of the 58¾ acres of land; but, as we have seen, without some new pleading, which was at no time offered, the question could not arise, the evidence was, in any event, immaterial.

If the complainant has a remedy, it is by an action upon the covenants of her deed, or by some other original proceeding.

Decree affirmed.