### T. C. MIMMS and WIFE *v.* FINIS EWING *et al.*

TENANCY BY CURTESY. *Adverse possession.* *Successive tenants.* It is not necessary to show privity between successive tenants if they are connected and continued in fact, each claiming ownership in connection with his possession, to raise the presumption of deed or grant by twenty years' adverse possession. But when a husband goes into possession under his wife's claim of title, and holds under that claim while she lives, and after her death continues to possess and claim in the same right, there is privity between the successive tenants. Adverse holding may perfect title to an estate less than a fee.

---

FROM MONTGOMERY.

---

Appeal from the Chancery Court at Clarksville. GEO. E. SEAY, Ch.

HOUSE & MERRITT for complainants.

SMITH & LURTON for defendants.

TURNEY, J., delivered the opinion of the court.

In 1854, J. N. Barker, of Montgomery county, gave to his daughter, Delinia, by parol, a tract of

land. In October of that year, the daughter, with her husband, B. H. Wimberly, moved upon the premises and held and claimed them, under the parol gift, until Wimberly's death, in 1857, when Mrs. Wimberly went to her father's, and Greenfield and wife, the brother-in-law and sister of Mrs. Wimberly, moved to her place.

Mrs. Wimberly intermarried with defendant, Ewing, in 1858, and about the last of that year Greenfield moved off to give possession to Ewing and wife.

During Greenfield's occupancy, he acted and was treated as the tenant of Mrs. Wimberly, and left upon a notice from Ewing that he and his wife wanted possession. A few days after Greenfield's removal, Ewing and wife moved in and lived there until the death of Mrs. Ewing, in April, 1867. During the time, Ewing claimed the land, in right of his wife, and has claimed it since her death, as tenant by curtesy.

Barker promised Ewing, in the early part of 1859, to make a deed to his wife, upon the faith of which, and under the direction of the father, Ewing put valuable improvements upon the land. He has continued to repair and improve, until at least the commencement of this suit, in January, 1879. Barker told Ewing the land belonged to his wife. Barker failed to make the deed to Mrs. Ewing, but after her death, and in November, 1869, he made a deed to complainant, Ella, now Mrs. Mimms, and daughter of Ewing and wife, Delinia. That deed was made without the consent of Ewing, who knew nothing of

its existence until some time after the death of Barker, in 1873. After his knowledge of the deed, he continued on the land, still claiming it as tenant by curtesy.

The bill is filed to acquire possession of the land and have Ewing account as guardian, etc. Ewing defends upon the ground already intimated. The only question for our consideration is, is Ewing tenant by curtesy, and entitled to the life estate?

He claimed, used, cultivated and improved the land under the facts stated, for about nine years, during the life of the wife, and for about twelve years since he has claimed and used and occupied in furtherance of that right, making a continuous occupation and use by him of nearly twenty-one years. The wife held and claimed, by herself and tenant, about four years before her intermarriage with Ewing, making her adverse claim and possession for a period of nearly thirteen years.

If Ewing may connect his possession and claim with that of the wife, they will make a period of about twenty-four years and three months. If we take out the four years of war, which we do not decide to be required in cases of this character, but leave the question open, it leaves more than twenty years. Can this be done under our law?

In *Mann* v. *Gilliam*, 1 Cold., 511, approved in *Alexander* v. *Miller*, 7 Heis., 65, Judge Wright said: "As to the presumption of a grant, deed, etc., upon twenty years' possession, we should have said that, contrary to the instructions of the circuit judge, this

court at its last term at Nashville, in the case of *John Scales* v. *Mark R. Cockrill,* held that the presumption arises, although the occupation had been by different persons, and no privity could by any means be traced between the successive tenants, much less is it requisite to establish such privity by deed. That the true principle is, that without reference to the manner in which the respective possessors are connected, or succeed each other, if they are continued and connected in fact, without any *hiatus,* for twenty years, each claiming the ownership in connection with his possession, without regard to the source from which each claims to have derived his title, the presumption will attach. And it follows from this case and the authorities cited, that to create the presumption, it is not necessary that the possession, either in its origin or continuance, should be accompanied by deeds or other writings, and they are only material to extend the boundary when a constructive possession is ·claimed beyond the actual occupation."

The present case is stronger upon its facts. There was a privity between the claim of the husband and that of the wife. He goes into possession under the wife's claim of title, and holds under that claim while she lives, and after her death continues to possess and claim, in the same right.

A deed to her would have made him tenant by curtesy initiate upon his marriage, and at her death, after issue, born alive, he would have been tenant by curtesy complete, and under such claim, would have successfully defended any action brought to oust

him of his possession.    All   that   is   wanting   now   to
make the defense complete and certain is the deed.

If, then, under the authority cited, a twenty years'
possession by different persons, without privity, is suffi-
·cient, why is not the possession of different persons
with privity, for more than half the time, with a
·continuation of that possession by one of these persons
recognizing the right of the first occupant, and claim-
ing under it, completing the twenty . years, sufficient?
Here the source of title of the husband is, recog-
nized to be the wife—a privity is traced between the
successive occupants.    We do see the manner in which
the respective tenants are connected and succeed each
·other, and that they are continued and connected in
fact, and we have the possessory right of the wife
perfected, about six years before her death.    Ewing
has possessed adversely, continuously, for about twelve
years since the death of his wife, and before suit.
·The husband, having defined the character of his hold-
ing, is restricted to it.    There is no good reason,
we think, why an adverse holding may not perfect
title to an estate in lands less than a fee.    The de-
fense is made out.

Reverse decree and confirm report.