# JOY et al. v. OUTLAW.—192 S. W. (2d) 81.

Western Section.   June 14, 1945.

Petition for Certiorari denied by Supreme Court, December 8, 1945.

L. L. Fonville and Hugh G. Arnold, both of Jackson, for complainant.

Martin Exum, of Jackson, for defendant.

ANDERSON, P. J. This bill was filed to sell for partition of the proceeds a small lot in the Third Ward of the City of Jackson. As an incident to the primary relief, the complainants, basing their claim upon the legal title to the entire lot which they alleged to be in them, sought to recover from the defendant, Sarah Outlaw, the possession of a portion of the lot alleged to be wrongfully held by her. We are concerned only with the latter aspect of the controversy.

In her answer the defendant denied that the complainants had any title to or interest in the lot or any part thereof, and also denied that they had the right to possession of it or any part thereof. By way of further defense she plead the statute of limitation of seven years and a title in her by prescription based upon her alleged adverse possession for more than twenty years before the bill was filed.

The chancellor submitted three issues to the jury. These, with the jury's findings, are as follows: (1) Has the defendant, Sarah Outlaw, been in actual, open, adverse and notorious possession continuously of a portion of a lot about 60 feet front and on which is located a house in which she lived for more than twenty years before the filing of the bill in this cause? The jury answered this, "Yes". (2) Has the defendant, Sarah Outlaw, been in actual, open, adverse and notorious possession continuously of a portion of a lot about 60 feet front and on which is located a house in which she lived for more than seven years before the filing of the bill in this cause? The answer to this was also in the affirmative. (3) If you answer either or both of the above questions in the affirmative, then was the defendant claiming said property for life or in fee? The answer to this was: "Make Sarah Outlaw retain possession during her life."

The answer to the last-mentioned issue seems to have been construed by the chancellor and counsel to the effect that the defendant claimed a life estate in said property. No other contention is made here and we so treat it.

Upon the final hearing the chancellor, accepting the finding of the jury, decreed "that the said Sarah Outlaw retain possession during her life to the west portion of the lot described in the bill." The complainants were

satisfied with the decision and prayed no appeal. The case is here on an appeal by the defendant.

The only error assigned goes to the action of the chancellor in submitting the third issue to the jury. It is insisted that the answer to issues (1) and (2) were conclusive in favor of the defendant of the matters in controversy and against the complainants, and that the chancellor having approved the jury's finding in these respects, should have dismissed the bill, at least in so far as it sought to recover possession of that portion of the property occupied by the defendant.

Obviously this contention is untenable. The answer to the first and second issues must be considered in the light of the answer to the third. So considered, it is manifest that what the jury found was that the defendant had been in adverse possession of the portion of the lot in question for the period of twenty years but that she claimed not the fee but a life estate only.

It is contended in this connection that adverse possession cannot give rise to a life estate. Presumably it is meant that the rights arising by adverse possession relate only to the fee and not to any less estate; that such possession for the requisite period of time vests the fee or nothing. This is not the law. The nature and extent of the estate is fixed by the claim of the possessor coupled with the fact of possession under the circumstances contemplated by law. Here, the proof shows and the jury found that the defendant's possession was coupled with a claim of a life estate only. She thus defined the character of her holding and is restricted to it. Mimms v. Ewing, 83 Tenn. 667.

It is contended, however, that no such claim was made in the pleadings and that hence the relief granted by the chancellor was not warranted. It is true the rule

is that a fact not put in issue by the pleadings, however well proven, affords no ground for a decree; that the decree must conform to the case made by the pleadings, that is, either by the bill or the answer, or both. Furman v. North, 63 Tenn. 296; Merriman v. Lacefield, 5 Tenn. 209; Meredith v. Little, 74 Tenn. 517; Rose v. Mynatt, 15 Tenn. 30; Gibson's Suits in Chancery, Sec. 555. But we are unable to conclude that this rule applies to the case in hand.

■ Formerly a bill for partition did not lie except where the title was clear of dispute. In such a case, upon it appearing that there was a ground for a contest about the title, a court of equity would stay the suit until the controversy was settled in a proper proceeding in a proper forum, whether at law or in chancery. Groves v. Groves, 35 Tenn. 187. But we think this is no longer the rule especially where no objection being taken by demurrer, the defendant answers and the case proceeds to trial upon the pleadings and the proof. Where this is true, the title may be cleared and the partition had in the same suit. See Leverton v. Waters, 47 Tenn. 20; Dean v. Snelling, 49 Tenn. 484. With reference to when land may be partitioned or sold for partition, Mr. Gibson says, ''A court of chancery under the act of 1877 and previous acts, and under its inherent jurisdiction, has power to adjust all claims and titles, legal and equitable, and to determine the rights of the parties.'' Gibson's Suits in Chy., Sec. 1058. In fact, with reference to partition, the Code, Section 9180, expressly provides that the court shall declare the rights, titles and interest of the parties in the premises and give judgment that partition be made between such of them as have any right therein, according to such right.

■ Where the title is in dispute, the bill should pray first to have the legal title settled and then for partition or sale for partition among those entitled. Gibson's Suits in Chancery, Section 1058. That is exactly what was done in this case.

The bill charges that the complainants inherited the land from Jobe Trotter, their ancestor; that they are now the owners in fee as tenants in common; that the defendant had lived in a small house on the lot, but that her possession was and had been throughout the time permissive only and hence gave rise to no rights in her. There was a prayer in the bill that the rights of all the parties be declared by a decree of the court, that the land be sold and the proceeds divided among the parties in accordance with their respective rights.

■ The claim to the fee to the entire lot did not prevent the chancellor from fixing the rights of the parties as authorized by the statute and in doing so, decreeing as he did in effect, that the complainants owned only a remainder interest in that portion of it in controversy. It is a fundamental rule that courts of equity make as complete a decision upon all points embraced in a cause as the nature of the case will admit, and generally, in the absence of estoppel, the fact that a party's claim as plead outreaches his proof does not prevent a decree for what he shows, providing the relief granted is within the general scope of the pleadings. Gibson's Suits in Chancery, Sec. 556. The result is the decree is affirmed, and the cause remanded to the chancery court for further proceedings. The cost of the appeal will be paid by the defendant; the cost of the chancery court as adjudicated there.

Ketchum and Baptist, JJ., concur,