Green, J.
delivered the opinion of the court.
By the act of 1819, ch. 28, sec. 1, it is provided, that where any person shall have had seven years peaceable possession of lands, which have been granted, claiming the same by virtue of a deed, devise, grant or other assurance, purporting to convey in fee simple, and no claim by suit effectually prosecuted shall have been made within said time, that such person or persons, shall be entitled to hold possession, in preference to every other person.
In this case the defendants have had possession of the land in controversy for more than seven years before suit brought, under a devise in the will of Dudley Cox, deceased, which purported to convey a title in fee simple. They are therefore protected by the express language of the act above recited; they do not, nor did their ancestor hold possession under the lessor of the plaintiff, as his tenants, in which case, generally, they could not dispute the title, but they have always held for themselves, adversely to him, and to all the world.
Adverse possession is a question exclusively for the jury to determine. Jackson vs Joy, 9 John. Rep. 102. In this case, the judge properly told the jury, “that if the defendants proved seven years adverse possession under the will of said Dudley Cox, deceased, the statute of limitations would protect the defendants from a recovery by the plaintiff in this cause.” This charge is strictly according to law; it was proper for the court to have submitted to the jury, as it did, the *437 question of adverse possession; and in the event such fact should be found for the defendants, the act of 1819, ch. 28, sec. 1, we have seen would protect them.
Judgment affirmed.