WALLACE *v.* MCPHERSON.

(*Knoxville*, September Term, 1947.)

*Opinion filed November 29, 1947.

---

*Designated for publication Oct. 11, 1948.

CREEKMORE & BUHL and WEBSTER L. PORTER, all of Knoxville, for complainants.

W. O. LOWE & THOMAS W. THOMSON, both of Knoxville, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainants filed their original bill in the Chancery Court of Knox County, in which it is alleged that they are the owners of one half interest in a certain house and lot in the City of Knoxville, as the heirs of J. A. Lane, deceased, and they pray for a decree of sale for partition since the property is incapable of being partitioned in kind. . It is conceded in the bill that the defendant is the owner in fee simple of the other half of the property.

The defendant demurred to the bill upon the grounds: (1) "that the bill shows on its face that the defendant has absolute title in fee simple to said property, since she has had said property under color of title and has

had open, notorious, and adverse possession for more than seven whole years next preceding the filing of the original bill;" (2) "the original bill shows on its face that the defendant has absolute title in fee simple to said property since she, through her predecessor, Lucy Lane Cooper, and herself, has held open, notorious, adverse possession for more than twenty whole years next preceding the filing of the original bill."

The Chancellor overruled the demurrer, with the right of the defendant to rely on it in her answer. An answer was seasonably filed in which it was averred that defendant was the owner in fee of the property for the reasons set forth in the demurrer. The Chancellor held that the complainants and the defendant were tenants in common and that there was no adverse holding by defendant against the complainants.

Upon appeal to the Court of Appeals, this decree was modified and affirmed. The Court of Appeals expressed the view that defendant was a tenant in common and did not hold adversely since during the period of her possession she manifested no intent to claim it as a matter of right; that such intent is an essential element of adverse possession, citing *Buchanan* v. *Nixon*, 163 Tenn. 364, 365, 43 S. W. (2d) 380, 80 A. L. R. 151.

The defendant petitioned this Court for the writ of *certiorari*, which was granted, and the case has been fully argued by counsel. Before discussing the several assignments of error, it is important that we give a brief statement of the facts which gave rise to the controversy. With great deference to the Chancellor and Court of Appeals, we think they misjudged the facts upon which defendant claims title by adverse possession.

On January 5, 1915, J. A. Lane and wife, Lucy Lane, acquired by purchase a house and lot in Knoxville, Ten-

nessee, which is described by metes and bounds in the bill and is situated at 606 Lynch Street. Under said purchase Lane and wife held title to the property as tenants in common. J. A. Lane died intestate on August 5, 1922, and left no children or descendants of children surviving him. Several years after his death his widow, Lucy Lane, intermarried with Robert Cooper, who is the father of petitioner, the defendant Catherine McPherson, her maiden name being Catherine Cooper. The said Lucy Lane Cooper died in 1936, leaving a will under which her step-daughter Catherine claims title in fee to the property. That part of the will that is material to the present controversy is as follows:

"I, Lucy Lane Cooper, of R. F. D. 5, of the City of Knoxville, State of Tennessee, declare this to be my last will and testament. I give and devise to my said step-daughter Catherine McPherson and her heirs the dwelling house and lot known as Number 606 Lynch Street in the said City of Knoxville, Tennessee."

Following the death of J. A. Lane in 1922, his widow continued to live in the house at 606 Lynch Street, but soon thereafter rented it and collected the rent until her death in 1936. The petitioner took possession of the property when the will was probated and has collected the rent since that time.

The assignment of error include three questions: (1) It was error to hold that Catherine McPherson was holding as a tenant in common with the heirs of J. A. Lane, complainants in this cause; (2) it was error to hold that the filing of this will of Lucy Lane Cooper for probate and the acceptance of the devise did not amount to an ouster; and (3) it was error to hold that the devise was not a color of title, and that the petitioner did not ac-

quire a good title by adverse possession of more than seven years

It is conceded that Lucy Lane Cooper owned the fee in one half the property, the other half having descended to complainants as the lawful heirs of her deceased husband, J. A. Lane. It conclusively appears that Lucy Lane Cooper held possession not only for herself but for the heirs of her deceased husband, and hence did not hold adversely to them. The mere fact that she collected the rent during her lifetime and paid the taxes on the property was not an actual ouster of the heirs of J. A. Lane.

Complainants say they are also tenants in common with Catherine McPherson, who claims title as devisee under the will of Lucy Lane Cooper, and invoke the rule that a tenant in possession holds for all cotenants, and that such is the rule cannot be disputed. But is she a cotenant, or does she hold adversely and in her own right?

It must be noted that Catherine McPherson acquired no interest in the property as an heir. She was a stranger to the estate of her step-mother and acquired title and possession solely by virtue of the will. The said will did not purport to devise *a one half interest in the property*, but was a gift to her and her heirs of "the dwelling house and lot known as Number 606 Lynch Street in the said City of Knoxville, Tennessee." When the will was probated the devisee immediately claimed the whole of the property. She went into possession, collected the rent, mortgaged the property to secure funds with which to pay the inheritance tax and to improve it, and did improve it. In the meantime, and not until the filing of the original bill, did any of the complainants claim the property or take any steps to assert any interest in

said house and lot. It is not disputed that soon after the filing of the will for probate there was a contest in the Circuit Court in which certain of complainants took part. The defendant successfully defended the will after she executed the mortgage above referred to and made extensive repairs on the property. The above facts seem to have been overlooked by the learned Court of Appeals. The Court also pretermitted defendant's contention that she had held possession under color of title for more than seven years.

We think the devise was a color of title to the whole of the property in question. It is true that testator could not devise any greater interest than she had, but this fact does not prevent it from being color of title. One may be in possession under color of title even though the writing claimed as such be wholly void. *Morelock* v. *Bernard,* 83 Tenn. 169-173; *Baker* v. *Hale,* 65 Tenn. 46; *Johns* v. *Scobie,* 12 Cal. (2d) 618, 86 P. (2d) 820, 121 A. L. R. 1404. In *Waterhouse* v. *Martin,* 7 Tenn. 392, at pages 406, 407, color of title is defined as follows: "It is a legal title in form or appearance by grant, or its equivalent, deed, *will,* inheritance in descent, *or other means by which a legal title may be, and is supposed to be passed to the claimant."* (Italics ours.)

One in possession under a parol contract to purchase has a "colorable title". *Baker v. Hale, supra.*

A *devise* purporting to convey a fee is an assurance of title. *Cox's Lesse* v. *Peck,* 11 Tenn. 435; *Earnest* v. *Little River Land & Lumber Co.,* 109 Tenn. 427, 75 S. W. 1122; *Nelson* v. *Trigg,* 72 Tenn. 701; *Ellege* v. *Cook,* 73 Tenn. 622; *Sharp* v. *Van Winkle,* 80 Tenn. 15. Moreover, Code section 8582 provides that one who claims seven years adverse possession to land by "conveyance,

*devise;* grant, or other assurance of title, purporting to convey an estate in fee," etc., is vested with an indefeasible title in fee to the lands described where there has been no action at law or in equity instituted against him during that time.

■ In *Trafford* v. *Young*, 3 Cooper's Tenn. Ch. 496, it was held that possession under a duly executed will, although never admitted to probate, is effective to confer title; that "possession under an instrument probated as a will in common form, although subsequently the probate was set aside and the instrument found to be no will, for the length of time necessary to form the bar, gives a good title." *Rogers* v. *Winton*, 21 Tenn. 178; *Brown* v. *Brown*, 82 Tenn. 253, 52 Am. Rep. 169.

■ But able counsel for complainants say it is no color of title because the property is not sufficiently described, the will referring to it only as "606 Lynch Street in the City of Knoxville, Tennessee." We think this description is entirely sufficient to identify the land and that is all that the law requires. See *Swiney* v. *Swiney*, 82 Tenn. 316, 318, and cases cited; also *Brummit* v. *Brown*, 159 Tenn. 612, 21 S. W. (2d) 626. The intention of the testator in all will cases is controlling. Moreover, in determining the question of title, based upon the description of the property, the generally accepted rule is that if the instrument describes it in such manner that it can be located and distinguished from other property, it is good. Thus in 16 A. Jur., Deeds, Sec. 263, p. 586, it is said:

"The test is said to be whether a surveyor with the deed before him and with or without the aid of extrinsic evidence can locate the land and establish the boundaries."

Sec. 270, p. 590: "Descriptive data enumerating the number of the house relative to other houses in the same street and designating the street are sufficient. . . ."

In 26 C. J. S., Deeds, sec. 30, pages 212, 213:

"A conveyance is also good, if the description can be made certain within the terms of the instrument. . . .

"So, a description from which a surveyor can locate the land."

See also *Gilbert* v. *McCreary*, 87 W. Va. 56, 104 S. E. 273, 12 A. L. R. 1172, and numerous annotations, holding that a devise of a "house" or "dwelling house", giving street and number, is a sufficient description and carries with it the land on which the house stands and that appurtenant thereto.

Under the foregoing authorities, we think she was in possession under color of title. We are unable to agree with the Court of Appeals that she was holding an undivided interest as a tenant in common, for the reason that complainants had actual and constructive notice that she claimed title under the will and was exercising exclusive dominion and control over all the property. It is admitted by complainants that they knew the will was contested in the Circuit Court and that the petitioner, as the sole devisee, successfully defended the will, thereby openly and notoriously asserting her right to the possession of all the property. While this contest of the will did not affect complainants' title, it is important as showing that they had both actual and constructive notice that her claim was hostile to their rights and interests.

In *Stephens* v. *Walker*, 193 Ga. 330, 18 S. E. (2d) 537, 539, it was held:

"The statutory rule that 'there may be no adverse possession against a cotenant until actual ouster, or ex-

clusive possesion after demand, or express notice of adverse possession' . . . has no application where the alleged cotenant in possession never expressly or impliedly recognized such a relation, but claimed title . . . under a deed . . . ''

While we adhere to the accepted rule that a tenant in possession is presumed to be holding for all other co-tenants, as well as himself, this presumption should not be indulged where the person in possession is a stranger to the instrument which created the alleged tenancy in common. Thus in *Foote* v. *City of Chicago*, 368 Ill. 307, 13 N. E. (2d) 965, it was said:

"A claimant out of possession cannot sit by on dis-covering possession in another and assume that the per-son in possession is holding and claiming merely the re-maining interest and, as such, occupying as cotenants, but he must investigate."

The principle thus announced by the Supreme Court of Illinois will hardly admit of controversy where the person in possession is an absolute stranger to the in-strument under which those out of possession claim to be co-owners of the property.

We think, according to the weight of authority, the filing of the will for probate, the acceptance of the devise and taking possession, payment of the inheritance tax on the value of the whole estate, collection of rents and making valuable improvements, the contest of the will in the Circuit Court, coupled with a failure by any of the complainants to assert any interest in the prop-erty for more than seven years, constituted an ouster. All of the foregoing acts by the testator, and especially the devisee Catherine McPherson, were of an unequivocal character, indicating an assertion of ownership of the

entire premises to the exclusion of all other persons.

In discussing acts of ouster as notice to cotenants, it is said in Freeman on Cotenancy and Partition, sec. 231, p. 306 (Second Edition):

"It is sufficient that the acts of adverse possession were such in their character and attendant circumstances that a man reasonably attentive to his own interest would have known that an adverse right was being asserted."

Again the author says (sec. 230): "It is sufficient that the act itself is overt, notorious; and if the cotenant is ignorant of his rights *or neglects them*, he must bear the consequences." (Italics ours.)

To the same effect see Thompson on Real Property, Vol. 4, sections 1887 and 1898. See also *Unger* v. *Mooney*, 63 Cal. 586, 587, 49 Am. Rep. 100; *Elder* v. *McClaskey*, 6 Cir., 70 F. 529; *Foote* v. *City of Chicago, supra*; *Gilb* v. *O'Neill*, 225 Ala. 92, 142 So. 397, 85 A. L. R. 1526-1532.

The learned Court of Appeals sustained the complainants' contention that Catherine McPherson was not holding adversely, resting its decision upon *Drewery* v. *Nelms*, 132 Tenn. 254, 177 S. W. 946, 948. In that case this Court reaffirmed the general rule that, "There can be no adverse possession or disseisin by one tenant in common except by some act or conduct on his part which will produce an actual ouster of his cotenants." That case is easily distinguished from the one now before us in that the tenancy there was that of *"silent, sole occupation"*, without any notice of an adverse holding such as would "amount to an exclusion and ouster of the cotenant." Moreover, they were not strangers to the title as in the instant case.

We think the Court was in error in holding that complainants and defendant were tenants in common and

that her possession under color of title was not adverse. The assignments of error are sustained. The decree of the Court below is reversed and the complainants'·bill is dismissed.

·PREWITT, GAILOR and TOMLINSON, JJ., concur.

BURNETT, J., not participating.