WOODS *et al. v.* RICHARDSON *et al.*

(*Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

Hudgins & Hudgins, of Union City, for complainants.

Joe A. Gordon, of Kenton, for defendants.

Mr. Chief Justice Neil delivered the opinion of the Court.

This case involves the title to a one-fifth interest in 75 acres of land in Obion County, the same being a part of a tract of 150 acres which Henry Flowers, Jr., claims to have acquired from the heirs of Nathan Crockett. Following the death of Nathan Crockett and his widow the land was partitioned equally among his children, one of whom was Margaret Crockett. She was married twice, her last marriage being to one Knight by whom she had eight children. The complainants are the heirs at law of the said Margaret Crockett Knight, who died intestate in 1932. The defendants are the successors in title to Henry Flowers, Jr., who died in 1936, and who devised the land in dispute to his widow for life and the remainder in fee simple to his two daughters, and who in 1943 sold the land to their co-defendants, W. B. Richardson and wife.

The substance of complainants' bill is that Flowers acquired the interest in the land of all the heirs of the said Nathan Crockett except that of their mother; that he filed a bill in the chancery court in 1905 for partition in which he expressly admitted that he was a tenant in common with Margaret Crockett Knight; that she was made a party defendant in the cause but was never served with process; that this suit was voluntarily dismissed by counsel at the direction of the complainant. While it appears in the record that prior to 1905 Flowers had purchased an outstanding tax title from J. R. Moffett and others to the entire 150 acre tract he made no mention of it in his suit for partition. The bill further charges that complainants are now the sole owners in fee simple of the lands in dispute under our statutes of descent. Contention is further made that since H. Flowers, Jr., admitted in his partition suit in 1905 that

he was a tenant in common with Mrs. Knight he would thereby be estopped to make a contrary claim, and that the defendants, who are his successors in title, would likewise be estopped to claim a fee simple title in the land.

The defendants demurred to the bill upon the ground that upon its face there was no showing of a right to any equitable relief. The demurrer was overruled with the right to rely on it in their answer. In their answer the defendants insisted that their predecessor in title, H. Flowers, Jr., had not only acquired a fee simple title by purchase from the heirs of Nathan Crockett but that he had been in actual possession of all of said lands under his tax title deeds for more than thirty years, and that such possession was enclosed and was open, notorious and adverse to the complainants; that the doctrine of estoppel could have no application to them. Contention is made by defendants, W. B. Richardson and wife, that they were not parties to the partition suit of H. Flowers, Jr., and had no knowledge of it; that they purchased the 150 acre tract of land from the widow and children of the Flowers who had been in possession of said land under a duly recorded assurance of title for more than seven years before conveying it to them, their said title and possession being evidenced by the will of their deceased husband and father. Both the Chancellor and Court of Appeals sustained the allegations in the complainants' bill, holding that H. Flowers, Jr., had never acquired by purchase or otherwise the interest of Margaret Crockett Knight; that his suit in the chancery court in 1905 for partition estopped him from thereafter claiming title to the land except as a tenant in common with Mrs. Knight and, following her death in 1932, he

continued as a tenant in common with her lawful heirs; that the sale of the lands for delinquent taxes, and purchase by Flowers, in no way affected the title. It was furthermore the opinion of both courts that the successors in title to H. Flowers, Jr., viz., Mrs. Margaret Flowers and her two daughters, and their vendees W. B. Richardson and wife, likewise held the lands as tenants in common with the heirs of Mrs. Knight.

We granted certiorari and oral argument has been heard upon the following assignments of error: (1) ''It was error to hold and adjudge that the devise of said lands under the will of said Henry Flowers, Jr., is insufficient as a color of title and that his widow and two daughters as beneficiaries did not acquire a good title, fee simple title, to the lands mentioned in the bill and in controversy here.'' (2) ''It was error to hold and adjudge that the said W. B. Richardson and wife did not acquire a good title, fee simple to the lands involved in this suit.''

There is material evidence to sustain the finding of the Chancellor that H. Flowers, Jr., had not acquired the interest of Margaret Crockett Knight, and that his possession was not adverse to that of Mrs. Knight and her heirs. The Court of Appeals was correct in affirming this opinion of the Chancellor and was also correct in its opinion that the purchase of the tax title by Flowers in no way impaired the title of the complainants. In *Hall* v. *McReynolds*, 181 Tenn. 515, 181 S. W. (2d) 761, 763, it was held: ''the general rule is that tenants in common 'cannot buy in the common property at a tax sale, or foreclosure sale, or buy in an outstanding title or other overhead claim, *except for the benefit of all.*' '' (Emphasis ours.) The above quotation was

taken from *Perkins* v. *Johnson*, 178 Tenn. 498, 500, 501, 160 S. W. (2d) 400, 401, citing many cases. All of our cases are to the same effect. While Mr. Flowers held possession under these tax titles, for more than thirty years, he was not holding adversely to the complainants. Moreover his partition suit in the chancery court in 1905 was an admission that he held title as a tenant in common and, from that time until his death in 1936, there is no showing that he in any manner gave notice of a claim of sole ownership, or by other positive and unequivocal acts put the complainants as co-tenants on notice that he was holding adversely to them. There can be no ouster of a co-tenant except by such acts as clearly indicate a hostile possession. *Drewery* v. *Nelms*, 132 Tenn. 254, 177 S. W. 946.

Coming now to the assignments of error in which complaint is made that the Court of Appeals committed error in holding that the widow of H. Flowers, Jr., and his two daughters were tenants in common with .the complainants, and that their vendees, W. B. Richardson and wife, took the same title. Upon granting the writ of certiorari we filed a per curiam memorandum requesting counsel to discuss the following questions:

"*1st.* Whether or not there was an ouster of the complainants as tenants in common by the will of Henry Flowers, Jr., in which the lands in question were devised to Mrs. Margaret Flowers and her two daughters, Mrs. Derryberry and Mrs. Montgomery. See *Wallace* v. *McPherson*, 187 Tenn. 333, 214 S. W. (2d) 50.

"*2nd.* Was the will a duly recorded assurance of title, and having held possession under said devise for more than seven years, did they or not become vested with an indefeasable title by virtue of Code, Sections 8582 and 8583?"

Counsel were later requested to file a brief dealing with the bar of the statute of limitations as provided by Code, Section 8584, which reads as follows:

*"Suit must be brought within seven years.*—No person or any one claiming under him, shall have any action, either at law or in equity, for any lands, tenements, or hereditaments, but within seven years after the right of action has accrued."

We have held in *Wallace* v. *McPherson,* 187 Tenn. 333, 214 S. W. (2d) 50, 52, that where a tenant in common who is in possession devises the whole of the property, to wit a "house and lot known as Number 606 Lynch Street in the said City of Knoxville", and the will is contested by other tenants in common, it constitutes an ouster. But that decision does not control the case at bar since the will of H. Flowers, Jr., did not dispose of specific property in which complainants had an interest, but was a general devise of all his property. Clause 4 of his will covers "all of my real property whatsoever and wherever same may be situated." Moreover the will was probated in Gibson County while the land in dispute is situated in Obion County, and there was no recording of his will in the latter county. We think the will is too general to constitute notice to the complainants that their interest was being devised and hence did not constitute an ouster. It results therefore that the devisees under the said will of H. Flowers, Jr., to wit the widow and daughters of the deceased, held as tenants in common with the Knight heirs, who are the complainants herein. The statute of limitations, Code, Section 8584, would not begin to run against them until there was a clear and definite action of ouster by Mrs. H. Flowers and her daughters

which, under all authorities, occurred when they executed a deed to Mr. and Mrs. Richardson. Since the Richardsons were not in possession under their deed for more than seven years prior to the commencement of the present action the plea of the statute of limitations is not available as a defense.

The decree of the Court of Appeals, affirming the decree of the Chancellor, must be affirmed. The cause, however, is remanded for further orders and decrees by the Chancellor to determine the extent and value of the interest of the complainants, also the question of the right of set-off, or counter claim by the defendants and their predecessors in title, or the amount of taxes paid on the complainants' interest in this land, as well as their liability for improvements upon the property in proportion to their interest, and which were made by the defendant or their predecessors in title, and which are not barred by the statute of limitations. The Chancellor may also give consideration to the right of complainants for an accounting of rents and profits, if any, upon their part of the lands in question and which may not be barred by the statute of limitations.

The defendants will pay the cost of this appeal. All other costs will await the final decree of the Chancellor.

All concur.