WEST *et al. v.* MOORE *et al.*

(*Nashville,* December Term, 1951.)

Opinion filed February 9, 1952.

432

HARRY G. NICHOL, and HOFSTETTER & HOFSTETTER, all of Nashville, for petitioners.

WILLIAMS, CUMMINGS & WEST, and S. L. FELTS, JR., Guardian Ad Litem, all of Nashville, for respondents.

Mr. Justice Tomlinson delivered the opinion of the Court.

Thomas Hagey died testate in 1939. His will, probated in common form at that time, devised certain land to his widow, Mrs. Nora Hagey, for life, with remainder to his five children, three of these being children of his first wife, two being children of Mrs. Nora Hagey. All five of the children have known since 1939 of this will and of its devise to the widow of a life estate in this land. Because of this will her asserted right of possession was never questioned until the filing of this bill eleven years later by two children of the first wife. The widow and her two children are made defendants. One of the three children of Thomas Hagey by his first wife died in 1950. His two children are minors, and defendants to the bill. They are represented by guardian ad litem, who joins in the insistences made by complainants. The purpose of the bill is to sell for partition this real estate free of the life estate supposed to have been given to this widow by Thomas Hagey's will, and distribute the proceeds among the four children and two grand-

 

children of Thomas Hagey. The two children of Mrs. Nora Hagey oppose the sale on the ground that their mother owns a life estate in this land.

 The basis of the claim of the complainants is that their father only owned a life estate in the realty and that upon his death his children became the owners in fee. This claim is based upon the deed of one Fox and wife recorded in the Register's Office in 1890. That deed conveyed Thomas Hagey, the aforementioned testator, a life estate in this realty with remainder to all his children. It is a fact, therefore, that the will of Thomas Hagey did not have the legal effect of giving his wife, Nora, the life estate which it purported to give, since the five children of the testator by reason of the Fox deed became the absolute owners of the property, with right of immediate possession, upon the death of their father.

None of the children were actually aware of the existence of the Fox deed until very shortly prior to the filing of the aforementioned bill eleven years after the death of their father. The evidence is not satisfactory as to whether the widow, Mrs. Nora Hagey, actually knew and understood the contents of the aforementioned Fox deed until about the time this bill was filed. At any rate, the evidence does not establish any fraud upon her part.

The widow, in answer to the bill, asserted that she was the owner of a life estate in the aforementioned realty by adverse possession of more than seven years. As a defense to the bill, she expressly plead the seven years adverse possession statutes carried in Code Sections 8582, 8583 and 8584. The insistence of complainants is that these code sections are not available to the widow, their statement in support of this insistence being that the

"possession of a life tenant is not adverse to the remaindermen".

The Chancellor sustained the widow's plea of adverse possession under the aforementioned code sections. The Court of Appeals reversed the Chancellor holding that: "Where the same instrument creates a life estate in land in one person and a remainder interest in other persons, such life tenant does not hold the land adversely to the remaindermen; and, therefore, a life estate, under such conditions, cannot be created by the statute of limitations, because there can be no adverse holding by the life tenant against the remaindermen."

This court granted the widow's petition for certiorari. The issues have been further presented by oral argument and supplemental briefs.

██ It is properly conceded that a life estate may be acquired by adverse possession. *Mimms* v. *Ewing*, 83 Tenn. 667, 671; *Joy et al.* v. *Outlaw*, 28 Tenn. App. 565, 568, 192 S. W. (2d) 81. It is pointed out in those cases that the extent of the estate is fixed by the claim of the possessor. The widow here only claims a life estate.

██ The widow went into possession under this will of her husband in 1939. She has continuously since openly exercised, as a matter of right, exclusive control, dominion and possession as owner of an estate therein for her life. This right was not questioned for a period of eleven years because it was thought that the will effectively gave her such an estate. During all this time she rented out portions of the property, collected and retained the rents as her own, erected improvements at very substantial expense, and paid for them. Therefore, every element within the definition of adverse possession is present in the possession of the widow, Mrs. Nora

Hagey, during those eleven years. Compare *Wallace* v. *McPherson*, 187 Tenn. 333, 342-343, 214 S. W. (2d) 50.

■ Code Section 8584 provides that no person shall have an action for lands unless such cause of action is instituted within seven years after it accrued. The father of these complainants had only a life estate in the realty involved here. He died in 1939. Therefore, these complainants became the owners of this land and entitled to its possession eleven years before they commenced this suit. Their neglect and consequent failure to discover the existence of the cause of action within the statutory limitation does not prevent the running of the statute, there being no fraudulent concealment from them. *Hudson* v. *Shoulders*, 164 Tenn. 70, 72, 45 S. W. (2d) 1072.

■ Moreover, the Fox deed had been recorded in the Register's Office since 1890. These complainants were, therefore, continuously during this period charged with notice that upon the death of their father they became entitled to the right of immediate possession. Code Section 7666.

Mrs. Hagey does not assert title to a life estate in this realty by virtue of the will, though she took possession because of the will, and was allowed to retain possession only because it was thought that the will gave her that right. She asserts title to a life estate by virtue of an adverse holding under a claim of right for the period required by the statute. "The heirs (children) of the deceased, notwithstanding the probate of the will in common form, might have sued at law for the land, and in that suit contested the validity (intended effect) of the will: *Weatherhead* v. *Sewell*, 28 Tenn. 272, 280; *Smith* v. *Neilson*, 81 Tenn. 461. Having the right to sue, and having failed to do so for more than seven years, during

which time the defendants (Mrs. Hagey) were in the continuous adverse possession of the land, the right of action would ordinarily be barred, * * *''. *Brown* v. *Brown*, 82 Tenn. 253, 254.

The rule stated in the quotation immediately above was reaffirmed in *Wallace* v. *McPherson,* supra, 187 Tenn. at page 340, 214 S. W. (2d) at page 53, in the following language: "In *Trafford* v. *Young,* 3 Tenn. Ch. 496, it was held that possession under a duly executed will, although never admitted to probate, is effective to confer title; that 'possession under an instrument probated as a will in common form, although subsequently the probate was set aside and the instrument found to be no will, for the length of time necessary to form the bar, gives a good title.' * * *''

It must be concluded, therefore, that the Chancellor was correct in sustaining the plea of the widow, Mrs. Hagey, under Code Section 8584, unless this code section is not available to Mrs. Hagey because of the rule that where the same instrument creates a life estate in land in one person and remainder interest in other persons the life tenant cannot hold the land adversely to those remaindermen.

These complainants are not asserting right of possession upon the ground that they are remaindermen. Indeed, they cannot so assert and, at the same time, entertain any hope of successfully maintaining this suit. Mrs. Hagey has done nothing to interfere with their rights so long as they claim only as remaindermen under the will wherein she is made a life tenant and they are made remaindermen. So long as they assert rights under that instrument they are not entitled to possession until the death of Mrs. Hagey.

On the other hand, these complainants are claiming the right of immediate possession as owners under the Fox deed of 1890. Mrs. Hagey is a stranger to that instrument. In so far as she and these complainants are concerned, that instrument is repugnant to the will under which they are made remaindermen.

It would be exceedingly inequitable to permit these complainants to assume the role of remaindermen for the purpose of invoking a rule applicable to them as remaindermen and then permit them to reject and repudiate their role as remaindermen for the purpose of acquiring a right to which they are not entitled as remaindermen. The sustaining of such a position would seem to create a rule of law that is an anomaly, in that it would permit a litigant to prevail in a suit by taking advantage of both of two positions, each of which is inconsistent with, and repugnant to, the other.

This review of the situation we have here suggests it to be sound, as a matter of principle, that the rule that a life tenant under an instrument cannot hold adversely to persons named remaindermen in that instrument does not apply to a situation wherein the remaindermen under one instrument claim the entire fee and immediate right of possession under an entirely different and conflicting instrument wherein they are not remaindermen, and to which the aforesaid life tenant is a complete stranger.

Persuasive precedent likewise sustains the principle immediately above stated. The Iowa Court in the case of *Smith* v. *City of Osage*, 80 Iowa 84, 45 N. W. 404, 405, 8 L. R. A., page 633, 635, had under consideration the question we have here, and held as follows: "The rule which counsel presents, we think, *cannot extend further* than to exclude the doctrine of adverse holding from

cases wherein the parties hold under the same title, these titles meeting in a common source, in such a manner as that one is held to be in subordination to, or dependent upon, the other, *and not independent of, or in conflict therewith.*'' (Emphasis supplied.)

By analogy a declaration in the case of *Wallace* v. *McPherson,* supra, likewise rejects the insistence of complainants. In that case the same rule of adverse possession was invoked by complainants as to a defendant who they claimed was the owner of only a one-half undivided interest as a tenant in common. That defendant claimed under an entirely different instrument the entire fee. The court held, 187 Tenn. at page 342, 214 S. W. (2d) at page 54, that the rule did not apply, saying: ''While we adhere to the accepted rule that a tenant in possession is presumed to be holding for all other cotenants, as well as himself, this presumption should not be indulged where the person in possession is a stranger to the instrument which created the alleged tenancy in common.''

The situation in this case is simply this:—These complainants claim to be entitled to immediate possession of this land under one instrument, the Fox deed of 1890. Mrs. Hagey is a stranger to that instrument. She asserts title to an estate for her life in this realty by adverse possession under a claim of ownership of a life estate in this land. She has been in possession as a matter of right under that claim for the length of time required by the statute to bar the claim of these complainants until her death. That being the situation, the rule which prevents a life tenant under an instrument from holding adversely to persons named remaindermen in that same instrument is a rule not applicable to this case. These

complainants assert no rights as remaindermen under that instrument.

For the reasons stated, the decree of the Court of Appeals will be reversed and that of the Chancellor affirmed. The cause will be remanded for such further proceedings, consistent with this opinion, as may be appropriate.

If this real estate is sold in these proceedings it will be sold subject to the life estate of Mrs. Nora Hagey. The compensation of the guardian ad litem will then be paid out of the share of the proceeds belonging to these infants.

The costs accruing in this court will be adjudged against the original complainants and the sureties on their appeal bond. The costs accrued to this time in Chancery Court will likewise be adjudged against these complainants.

BURNETT, Justice, did not participate in the consideration or decision of this case.