# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| PHILIP PELTZ, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | Appeal No. |
| | ) | 01-A-01-9711-CH-00659 |
| VS. | ) | |
| | ) | Williamson Chancery |
| | ) | No. 22868 |
| SARAH V. PELTZ, | ) | |
| JESSE V. NICHOLS, and | ) | |
| NANCY S. NICHOLS, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

**FILED**

**October 14, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

APPEALED FROM THE CHANCERY COURT OF WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE

THE HONORABLE HENRY DENMARK BELL, JUDGE

JEFFREY RAPPUHN
A. RUSSELL WILLIS
215 Second Avenue, North
Nashville, Tennessee 37201
    Attorneys for Plaintiff/Appellant

WILLIAM CARTER CONWAY
236 Court Square, Suite 205
Franklin, Tennessee 37064
    Attorney for Defendant/Appellee Sarah V. Peltz

R. E. LEE DAVIES
H. MARK HARTZOG
123 Fifth Avenue North
Franklin, Tennessee 37064
    Attorneys for Defendants/Appellees Jesse V. Nichols and
    Nancy S. Nichols

REVERSED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, J.

# **O P I N I O N**

This case involves a question of adverse possession between tenants in common of real estate. The Chancery Court of Williamson County held that the seven year statute of limitations in Tenn. Code Ann. § 28-2-103 barred the appellant's remedy against the appellees. Because we find that there had been no ouster of the appellant, we reverse.

## I.

In 1974, Philip and Sarah Peltz and Mrs. Peltz's parents, Jesse and Nancy Nichols, purchased a forty-eight acre parcel of property in Williamson County. Mr. Nichols, a retired Air Force serviceman, started almost immediately to build a house on the property. He and his wife lived on the property and he worked on the house for the next fourteen years.

Mr. Peltz was a New York Lawyer. He visited the property a few times before 1983, but after that time he did not return to Tennessee. He subsequently lost his license to practice law and moved to California. In 1985, Mrs. Peltz signed a warranty deed conveying the property to her parents. She had her brother forge Mr. Peltz's signature on the deed. They had the deed notarized and Mrs. Peltz then delivered the deed to her father. Mr. Nichols had the deed recorded. There is no evidence in the record that Mr. Nichols knew or suspected that Mr. Peltz's signature on the deed had been forged.

Mr. Peltz did not learn of the forgery until it came out in a California divorce filed by Mrs. Peltz in 1994. He immediately filed this action to cancel the deed

and to recover damages from his wife, her parents, the notary, and the notary's employer.

The chancellor dismissed Mr. and Mrs. Nichols on the ground that the action was barred by Tenn. Code Ann. § 28-2-103. The court held that Mrs. Peltz forged or caused to be forged Mr. Peltz's signature to the deed causing a diminution in their combined interests of $7500. Consequently Mr. Peltz obtained a judgment against Mrs. Peltz for $7500 plus prejudgment interest at eight percent per year from April 1, 1979. The judgment was, however, made subject to a division by the California divorce court. Mr. Peltz voluntarily dismissed the notary and her employer.

## II.

Tenn. Code Ann. § 28-2-103(a) provides that "no person or anyone claiming under him shall have any action, either at law or in equity, for the recovery of any lands, tenements or hereditaments, but within seven (7) years after the right of action accrued." Under this section, a recovery is barred by seven years of adverse possession. *Teeples v. Key*, 500 S.W.2d 452 (Tenn. App. 1973). But possession by one tenant in common is not adverse to another co-tenant until a disseisin of the others by actual ouster. *Woods v. Richardson*, 231 S.W.2d 340 (Tenn. 1950). Silent sole occupation by one co-tenant is not sufficient to establish adverse possession. *Moore v. Cole*, 289 S.W.2d 695 (Tenn. 1956). Since there is no evidence of an ouster in this record, Mr. and Mrs. Nichols were not holding the property adversely to Mr. Peltz. Therefore the statute of limitations in Tenn. Code Ann. § 28-2-103(a) did not begin to run. Mr. and Mrs. Nichols cite *Valley v. Lambuth*, 1 Tenn. App. 547 (1925) in support of their statute of limitations defense, but that case involved an actual ouster, as the court held.

We are also convinced that Mr. and Mrs. Nichols cannot claim that they were holding under an assurance of title. *See* Tenn. Code Ann. § 28-2-101, 102. The chancellor found that Mr. Peltz's signature had been forged on the deed. As to Mr. Peltz the deed was an absolute nullity. *See Boone v. Citizen Bank & Trust Co.*, 290 S.W. 39 (Tenn. 1927); *Cowan v. Thompson*, 152 S.W.2d 1036 (Tenn. App. 1941). Although these cases deal with negotiable instruments, we are satisfied that a forged signature cannot be used as the basis for any legal claim unless it has been ratified by the person identified by the signature. In addition, a deed is within the statute of frauds, and a forged signature does not satisfy the requirement of a writing signed by the party to be charged. *Beazley v. Turgeon*, 772 S.W.2d 53 (Tenn. App. 1989). Therefore, the deed cannot prejudice Mr. Peltz's rights.

We reverse the judgment below and remand the cause for a retrial on Mr. Peltz's prayer for partition. In that proceeding the court may adjust the interests of the parties according to their respective contributions.

The judgment of the court below is reversed and the cause is remanded to the Chancery Court of Williamson County for further proceedings in accordance with this opinion. Tax the costs on appeal equally to the appellees.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE