JACKSON, ex dem. Bradt and others, *against* WHITBECK.

After an exclusive and uninterrupted possession, by one tenant in common of land, for nearly 40 years, without any account with his co-tenants, a jury are authorized to presume an ouster; and an action of ejectment by his co-tenants, is barred.

The court, on a verdict subject to their opinion upon a case, may draw the same inferences as, in their opinion, a jury would be warranted in drawing from the facts in the case.

Whether a possession claiming title, under a parol gift of land from the owner, is such an adverse possession as will bar an ejectment? *Quere.*

EJECTMENT, for 70 acres, in *Greenbush*, *Rensselaer* county ; tried at the circuit in that county, *July*, 1824, before BETTS, (late) C. Judge.

A verdict was taken for the plaintiff, subject to the opinion of this court, on the following facts :

The lessors of the plaintiff are the children and heirs at law of *Bernardus Bradt*, and claimed the premises in question as such. The defendant claimed under *Hendrick Bradt*, who was also a son of *Bernardus*. *Bernardus Bradt* moved from the premises in question to the town of *Hoosick*, in *Rensselaer* county, about the period of the treaty of peace in 1783, leaving his son, *Hendrick*, in possession ; who, from that period, until his death, about a year before the trial, occupied them, either in person or by his tenants, claiming them as his own. *Bernardus,* the father, died about 40 years before the trial. *Hendrick* always openly asserted his title to the premises. He said that his father had given them to him ; that he directed him to get a deed drawn, and he would sign it ; but

ALBANY,
Feb. 1827.

Jackson
v.
Whitbeck.

he was young, and did not look abroad, and neglected to do it. When the farmers' turnpike was laid through the farm, *Hendrick* claimed the damages done to the farm as his own. His father and sisters lived in *Hoosick*, between 30 and 40 miles from the premises, ever after the father removed there in 1783; and the witnesses never heard the title of *Hendrick* questioned, or of any claim to the premises on the part of his brothers and sisters, or of any other person, until suits or proceedings in partition were instituted about 15 years before the trial. But by whom those proceedings were instituted, or in what manner they were terminated, was not stated in the case.

*A. Van Vechten*, for the plaintiff.

*J. V. Henry*, contra, cited *Cowp*. 217 ; 1 *Caines' Rep*. 84 ; *Adams on Eject*. 55.

*Curia*, per SUTHERLAND, J. Without determining whether a claim of title under a parol gift, is sufficient to lay the foundation of an adverse possession, (*vid*. 13 *John*. 120,) it appears to me, that, admitting the premises in question to have descended to the children of *Bernardus Bradt*, as tenants in common, the evidence in the case warrants the presumption of *an actual ouster* of his co-tenants by *Hendrick*. Here has been an exclusive possession, under claim of title, for forty years, without any assertion of right, or claim to any portion of the profits of the premises on the part of his co-tenants ; although they all resided in the same county, within 40 miles of the premises. In *Doe* v. *Prosser*, (*Cowp*. 217,) it was held that 36 years sole, and uninterrupted possession, by one tenant in common, without any account to, or claim by his companion, was a sufficient ground for a jury to presume an actual ouster of the co-tenant. Lord *Mansfield* says, " the possession of one tenant in common *eo nomine*, as tenant in common, can never bar his companions ; because such possession is not adverse to his right, but in support of their common title ; and by paying him his share, he acknowledges him to be tenant. Nor is a *refusal to pay*,

without *denying his title*, sufficient.   But if, upon demand by the co-tenant, of his moiety, the other refuses to pay, and denies his title, saying he claims the whole, and will not pay, and continues in possession; such possession is adverse, and *ouster* enough." "In this case," he continues, "no evidence whatsoever appears, of any account demanded, or of any payment of rents and profits, or of any claim by the lessors of the plaintiff, or of any acknowledgment of a title in them, or in those under whom they would now set up a right.   I am, therefore, clearly of opinion, that an undisturbed and quiet possession, for such a length of time, is sufficient ground for a jury to presume an *actual ouster*."   *Aston*, J. says, "in this case, there has been a sole and quiet possession for 40 years, by one tenant in common only, without any demand, or claim of any account by the other; and without any payment to him during that time.   What is adverse possession or ouster, if the uninterrupted receipt of the rents and profits, without any account for near forty years, is not ?"   *Willes* and *Ashurst*, Js. expressed the same opinion.   That case was, in no respect, a stronger one for the defendant, than the one at bar.

So in *Van Dyck* v. *Van Buren*, (1 *Caines' Rep.* 84,) the same doctrine was held ; that a sole possession under claim of right for 40 years, by one tenant in common, amounts to an ouster ; not that the jury might presume it from this fact ; but that the law raises the presumption ; and the jury were not at liberty to resist it.   Whether it be a presumption of *fact*, to be found by the jury, as was held in *Doe* v. *Prosser*, or a presumption of law to be drawn by the court, as was said in *Van Dyck* v. *Van Buren*, is not material in this case ; for the verdict being subject to the opinion of the court, we are substituted for the jury, and have the right to draw the same conclusions from the testimony, which the jury, in the opinion of the court, would have been authorized to draw.

We are, therefore, of opinion that the defendant is entitled to judgment.

                                      Judgment for the defendant.