Memphis St. Ry. Co. v. Norris.

MEMPHIS ST. RY. CO. v. NORRIS.

*(Jackson. May 19, 1902.)*

1. SUPREME COURT. *Will not reverse on the facts alone, when.*

    This Court will not set aside the verdict of a jury where there is evidence to support it, although the Court may be of opinion that the evidence, as a whole, preponderates against the verdict.

2. CHARGE OF COURT. *Not erroneous as to duties of motorman at crossings, when.*

    In an action by a passenger on a street car against the company for an injury sustained in consequence of a collision with a dray at a crossing, the controversy being as to whether the car ran into the dray or the dray into the car, it is not error of which the defendant can complain for the Court to charge that the motorman and drayman had equal rights at the crossing, and were each equally bound to keep lookout for the other, and to avoid collision with the other, and that plaintiff was entitled to recover only of the one by whose fault the collision occurred.

---

FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby County. L. H. ESTES, J.

WRIGHT, PETERS & WRIGHT for Street Ry. Co.

HANCOCK & POSTON for Norris.

WILKES, J. This is an action for damages for personal injuries. There was a trial before a jury in the Court below and verdict and judgment for $500, and the Street Railway Company has appealed and assigned errors.

The plaintiff was a passenger upon one of the cars of the Street Railway Company when it collided with a dray at a street crossing, and he was quite badly injured by being struck with the shafts of the dray. The plaintiff's theory is that the car was proceeding at a rapid rate on a down grade, while the dray, pulled by a mule and driven by a negro, crossed the track at the intersection of two streets. The mule, according to plaintiff's contention, was going at a slow trot and all of the dray had cleared the tracks, which were double, except the rear, or tail pieces, when the car struck it and whirled it around in a circle and the shafts were thus thrust into the car, striking the plaintiff where he stood and breaking his leg.

The defendant's theory is that the dray dashed into the rear of the car, and the shafts and mule's head protruded in among the passengers, and thus the injury occurred, and there is evidence tending to show that the negro was driving the dray rapidly and proof that as he drew near

the car he increased his speed and dashed rapidly into the car.

These two theories being submitted to the jury, it found in favor of the plaintiff, and it is conceded that there is some evidence to sustain plaintiff's theory, though it is insisted, and we think very plausibly, that the weight of the evidence supports defendant's contention. In any event it is not insisted there is no evidence to support the verdict, and unless, therefore, there is an error in the charge or admission of evidence, the verdict must stand.

It will appear at a glance that the crucial question in the case is whether the car negligently ran against the dray, or whether the dray was negligently driven against the car.

It is said that the charge of the Court was erroneous in that it put upon the Street Car Company a higher degree of care and diligence than the law implies. Taking the charge as a whole, we do not think it is erroneous.

The Court charged as follows:

"The drayman and the motorman each had equal rights to use Linden Street where the other street crossed it, but as both could not use the crossing at the same time, the law makes it the duty of the drayman, and also of the motorman, on approaching the crossing, to have their vehicles under control, and to run up to and over the crossing at such a rate of speed as to enable

them to stop when necessary to do so in order to avoid a collision.

"If either of them neglected to do this, then the one failing to do so would be guilty of negligence. And if the negligence was the cause of the plaintiff's injuries, then he must look to the one negligently inflicting such injuries upon him for a redress of such injuries."

Again:

"If you find from a preponderance of the evidence that the car did run into the dray as it was attempting to cross the track in front of the car, and that this was the cause of the dray being thrown against plaintiff, by which his leg was broken, the collision of the car with the dray brought about in a way just described, and as claimed by plaintiff, would be such an act of negligence on the part of the motorman as would make the railroad liable for plaintiff's injuries, although you also find the drayman was negligent in trying to cross Linden Street in front of the car, and your verdict should be for the plaintiff, Norris.

"On the other hand, if you find from the preponderance of the evidence that the car did not collide with the dray as the driver was attempting to cross Linden Street on a street crossing, but that the driver of the dray was driving north on the cross street, and when the car had gotten on the crossing, the driver negligently drove

his dray into the south side of the car, and near the rear of the car, and that this was the cause of the injuries to plaintiff, Norris, then the driving into the car would be such an act of negligence on the part of the driver as would make him liable for plaintiff's injuries, and your verdict should be for the defendant railroad."

It is proper to remark that the case has been treated as if the controversy was between the Street Car Company and the drayman, whereas, it is between the Street Car Company and one of its own passengers, and the Street Car Company would, therefore, be held to a higher degree of care and diligence than if the controversy was with the drayman crossing the street. But while this is so, we do not think the charge as a whole is erroneous, while detached portions of it might be construed as meaning that the motorman must have his car under absolute control, so as in any event and all contingency to prevent a collision; yet, taken as a whole, it cannot be so understood, but the contentions of both parties are put in a plain and simple manner before the jury, and they are told in substance that if plaintiff's contentions are correct, the road is liable, but if the defendant's theory is correct, it is not.

Clearly under the charge as given, if the jury had credited the theory of defendant, they could not have given the verdict they did—while on

Memphis St. Ry. Co. *v.* Norris.

the other hand, if they believed that of plaintiff, there was evidence to sustain their finding, and in that event there would be liability.

There is an error assigned to the rejection of certain statements by witness Armstead. We think there is no reversible error in this. The evidence was incompetent, being a surmise or opinion merely of the witness, and, besides, it was not material. We see no reversible error in the record, and the judgment is affirmed, with costs.