

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J. P. Bryan
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. 0-1114
Re: May two persons have the same figure
as a brand but place it at a differ-
ent point on the animal's body?

We have for consideration your letter request-
ing our opinion as to whether under the provisions of
Art. 6899d, Vernon's Annotated Civil Statutes, two per-
sons could have the same figure as a brand but place it
at a different point on the animal's body.

The question is a novel one. We can appreciate
your statement that you have been unable to locate any
authority on the subject. We have searched available au-
thorities and find but little in the books touching upon
the question you ask.

The statutes you refer to require each owner of
any livestock in Brazoria County subject to branding
under the provisions of chapter 1 of title 121 of the Re-
vised Civil Statutes of Texas, 1925, to have his mark
and brand recorded in the office of the county clerk,
whether previously recorded or not. No mention is made
in the Act of the provisions of Art. 1486, Penal Code.
We quote said article:

"Any county clerk who shall record any
brand when the person having the same recorded
fails to designate the part of the animal upon
which the same is to be placed shall be fined
not less ten ($10), nor more than fifty ($50)
dollars."

In the case of PRIESMUTH vs. STATE, 1 Tex. Cr.
R. 480, the defendant had been convicted of cattle theft

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J.P. Bryan, page 2

and on appeal the court wrote:

"There is no evidence shown in the record
before us that the property alleged to have
been stolen was the property of the person
alleged in the indictment to be the owner, ex-
cept that furnished by the record of the brand
of Henry B. Scheiner, * * * . The 20th and
42nd sections of the Act of the Legislature,
approved March 25, 1874 (Pamphlet Acts, 33),
require that in recording brands, the person
having the same recorded shall designate the
part of the animal upon which the brand is
placed.

"The record of the brand of Henry B. Scheiner,
as given in the statement of facts, says 'the
brand was to be put upon the hip', while the evi-
dence shows that the brand on the animals alleged
to have been stolen was placed on the ribs. These
discrepancies are too great and too material to
warrant a conviction of a felony when the proof
of ownership depended alone, or mainly, upon the
evidence furnished by the recorded brand. The
law seems to make the particular portion of the
animal upon which the brand is placed equally as
important as the letters or characters used in
the brand itself. On this account it is the opin-
ion of the court that the court below erred in
overruling the defendant's motion for a new trial."
(Underscoring ours).

In the case of THOMPSON vs. STATE, 7 S.W. 589,
Judge Hurt uses this language:

"Art. 783 (Present P.C. Art. 1486) supra,
provides that if any clerk of the county court
shall record any brand when the person having
the same recorded fails to designate the part of
the animal upon which the same is to be placed,
shall be fined not less than ten ($10) nor more
than fifty ($50) dollars. Unless the part of
the animal upon which the brand is to be placed
is designated, the brand should not be recorded
at all, and hence could be evidence of nothing;
though it should be recorded, the act of record-

Hon. J.P. Bryan, page 3

ing such a brand by the clerk is an offense against the laws of this state. * * * "

There must be certainty as to the portion of the animal upon which the brand is to be placed; see REESE vs. STATE, 67 S.W. 325; STEED vs. STATE, 67 S.W. 326.

Also, we refer you to the cases of HARWELL vs. STATE, 2 S.W. 606; HAYS vs. STATE, 17 S.W. 940; MASSEY vs. STATE, 19 S.W. 908; McGREW vs. STATE, 20 S.W. 740; DUGAT vs. STATE, 148 S.W. 789.

From a reading of the above cases and the application of the Penal Statute, although said article may not be applicable to Brazoria County ( see Art. 7005, Vernon's Ann. Civ. Stats.), we hold the opinion that you were correct in advising your county clerk that it is possible for two persons to have the same figure as a brand, if they place it at a distinctively different place on the animal's body.

Trusting the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall

Benjamin Woodall
Assistant

BW:ob

APPROVED NOV 1, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN