L. O. WEBB, Appellee, v. J. H. HARRIS, Appellant.
— 315 S. W. (2d) 274.

Western Section, Jackson. February 21, 1958.

Certiorari denied by Supreme Court July 11, 1958.

J. Lee Taylor, Huntingdon, for appellant.

J. Ross McKinney and W. H. Lassiter, Huntingdon, for appellee.

BEJACH, J.   This cause involves an appeal by J. H. Harris, who was defendant in the lower court, from a decree of the Chancery Court of Carroll County in a boundary dispute case, which decree fixed the boundary line contrary to the contentions of appellant and as was contended for by appellee, L. O. Webb.   For convenience, the parties will be styled, as in the lower court, complainant and defendant, or called by their respective names.

494

Suit was filed December 15, 1955 by complainant L. O. Webb against defendant, J. H. Harris, seeking to have the boundary between complainant's land and defendant's land established, and to enjoin defendant from cutting timber north of the line contended for by complainant. The land in dispute embraces a tract of about twenty acres which is about 65 rods long from east to west, and about 14 rods wide from north to south. This disputed area is embraced within the calls of deeds to each of the parties hereto. The disputed area consists of uncultivated land in Carroll County, Tennessee, of a hilly character, unimproved and unfenced, although there is some testimony as to fences which have existed in past times. Apparently the only profitable use which has been made of the land has been that of cutting timber from same. This, both parties claim to have done. The Chancellor decided the issues in favor of complainant, on the basis of an agreement fixing the boundary as contended for by complainant, which agreement he held had been established by the preponderance of the evidence. This agreement, as established by the evidence in the case, occurred in 1948, more than seven years before the filing of the suit in this cause. The evidence tends to show that at that time, while defendant Harris was having his land surveyed by C. B. Allen, County Surveyor of Benton County, complainant and defendant agreed that the east to west line as surveyed by said Allen, beginning at what is referred to as the McCay corner which was pointed out by Bud McCay who testified in this cause, should be accepted as the boundary between the lands of the parties hereto; and that as same was being surveyed, same was marked and painted, defendant Harris, himself, carrying the bucket of paint and doing the painting, or at least

some of it. Prior to the hearing, complainant had amended his bill so as to allege and rely on the Statute of Limitations of seven years, for the purpose of establishing his right to the disputed land.

The Chancellor made a written finding of facts which is part of the record of this cause, and a final decree was entered in conformity with same. Defendant excepted to the decree, prayed, and has perfected his appeal to this Court. As appellant, he has filed in this Court six assignments of error, which are as follows:

### "I

"The Chancellor erred in holding that the adverse possession of the defendant and the facts and existing circumstances before 1948 were not to be considered in deciding the law suit. (Tr. P. 430)

### "II

"The Chancellor erred in holding that the complainant and the defendant agreed upon a common line. (Tr. P. 430)

### "III

"The Court erred in holding that complainant and defendant had done everything necessary in order to affix a common line under the law. (Tr. P. 430)

### "IV

"The Court erred in holding that the controverted strip of land was the property of complainant, even though complainant never at any time offered any evidence that said land was ever granted by this State, or the State of North Carolina.

## "V

"The Court erred in finding that the evidence since the alleged agreement in 1948 clearly preponderates in favor of complainant.

## "VI

"The Court erred in Taxing Defendant with all the cost of the same."

■ This cause is before us under the provisions of Section 27-303, T. C. A., which provides for a hearing de novo in this Court, accompanied, however, by a presumption of the correctness of the decree of the trial court, unless the preponderance of the evidence is contrary to the Chancellor's ruling. We have carefully read the testimony preserved in the record of this cause, which testimony, pursuant to an order entered in the cause, was heard orally in open court by the Chancellor. After careful consideration of the matter, we have reached the conclusion that we would not be justified in holding that the preponderance of the evidence is against the Chancellor's findings of fact. He saw the witnesses face to face, heard them testify, and appraised the worth and weight of the testimony, and reached the conclusion that an agreement had been reached. Among the witnesses were C. B. Allen, who made the survey, Bud McCay, who pointed out the corner from which the surveyor began running the line agreed on, and several of those who were present when the line was established.

■ This suit was properly filed under the provisions of Sections 10368 and 10369 of Williams' Annotated Code, T. C. A. secs. 16-606 and 16-607. It was expressly held by this Court in Rogers v. S. W. Taylor & Co., 2

Tenn. App. 445, 450 that disputed boundary lines may be established by oral agreement, that such agreements do not fall within the prohibition of the Statute of Frauds, and that the parties so establishing a boundary line will thereafter be estopped to question the line thus established, even though it may be afterwards demonstrated that such line was erroneously fixed.

■■■ Section 16-607, T. C. A. provides that, in boundary disputes such as that involved in the instant case, the complainant shall not be required to deraign his title from a state grant or common source of title. In applying that law to the instant case, the Chancellor held that complainant had sufficiently complied with this statutory provision by showing title to the disputed land in himself by seven years adverse possession under the provisions of T. C. A., Sections 28-201 et seq. Section 28-201, T. C. A. provides, as follows:

"Any person having had, by himself or those through whom he claims, seven (7) years' adverse possession of any lands, tenements, or hereditaments, granted by this state or the state of North Carolina, holding by conveyance, devise, grant, or other assurance of title, purporting to convey an estate in fee, without any claim by action at law or in equity commenced within that time and effectually prosecuted against him, is vested with a good and indefeasible title in fee to the land described in his assurance of title. But no title shall be vested by virtue of such adverse possession, unless such conveyance, devise, grant, or other assurance of title shall have been recorded in the register's office for the county or counties in which the land lies during

the full term of said seven (7) years' adverse possession.''

Able counsel for appellant contends that the Chancellor erred in applying the seven years Statute of Limitations in favor of complainant in the instant case, because complainant offered no proof that the land here involved had been granted by this State or by the State of North Carolina. In support of this contention, he cites Sharp v. Van Winkle, 80 Tenn. 15, 19; Northcut v. Church, 135 Tenn. 541, 188 S. W. 220, and Roysdon v. Terry, 4 Tenn. App. 638. Without questioning the correctness of the applicability of the rule announced in these cases to the facts there involved, we think such rule is not applicable to the facts of the case at bar. This is true for three reasons, which we will now state.

In the first place, it has been repeatedly held, in litigation between individual landowners, that after more than twenty years of adverse possession a grant from the State will be presumed. Hanes v. Peck's Lessee, 8 Tenn. 228; Gilchrist v. McGee, 17 Tenn. 455; Chilton v. Wilson's Heirs, 28 Tenn. 399.

In the second place, as is stated in Sharp v. Van Winkle, 80 Tenn. 15, 19, ''The Statute does not run until there is a valid grant of land from the sovereignty holding title and jurisdiction, for the obvious reason that until there is a grant the title is in the sovereignty or State, and the Statute does not run against the sovereign'', which was the law at the time that case was decided, whereas, since 1923, under the provisions of Sections 28-205 and 28-206, T. C. A., a statute of limitations of thirty years does run against the State.

In the third place, defendant's own proof establishes that his land, including the disputed area, was granted under survey number 1035, occupant entry number 1157 from the State of North Carolina, August 30, 1849, and that he had been in possession under authority of that grant and subsequent conveyances for more than forty years.

All assignments of error will be overruled, and a decree will be entered here affirming the decree of the Chancellor and remanding the cause to the Chancery Court of Carroll County for enforcement of same. The costs of the cause will be adjudged against the defendant, J. H. Harris, as appellant in this Court, and the surety on his appeal bond.

Avery, P. J. (Western Section) and Carney, J., concur.