**Leo BYNUM and wife, Ruth Nell Bynum, T. Ray Chester and wife, Mary Lee Chester, and Earl T. Woods, Jr. and wife, Dorothy Woods, Plaintiffs-Appellees,**

v.

**C.A. HOLLOWELL and wife, Ada Hollowell, Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section.

May 25, 1983.

Permission to Appeal Denied by Supreme Court Aug. 29, 1983.

Charles L. Trotter, Jr., Lassiter & Jones, Huntingdon, for plaintiffs-appellees.

Robert T. Keeton, Jr., Taylor & Keeton of Huntingdon, for defendants-appellants.

HIGHERS, Judge.

This is a boundary line dispute wherein the parties sought a determination of the ownership and right of possession of a strip of land 17½ feet in width. The case was tried before a jury in the Chancery Court of Carroll County for the purpose of determining certain factual matters which were at issue. The jury determined that the location of the parties' property line was as plaintiffs claimed and the Chancellor approved the factual determination made by the jury. Judgment was entered for the plaintiffs and it is from this determination and entry of judgment that the defendants appeal.

The parties will be referred to as they were styled in the trial court, or by their names, or by both designations.

C.A. Hollowell and Ada Hollowell are owners of two tracts of land in Carroll County, having taken title to such property on April 13, 1945, from the Tennessee Defense Relocation Corporation as a part of a project to relocate individuals dispossessed as a result of the federal government's purchase of land for the Milan Arsenal. Plaintiffs Woods, Bynum, and Chester each own property abutting the defendants' property,

Woods' predecessor in title being the same as the defendants Hollowell's and Bynum and Chester having obtained title from an individual, John Wayne Presley.

The disputed boundary is Hollowell's eastern boundary, which he contends is delineated by a fence, but which the abutting landowners argue is marked by "an old road" 17½ feet west of the fence, as indicated in the deeds of the parties.

The parties agree that the fence was constructed between the lands of defendants Hollowell and predecessor in title, John Wayne Presley, but are at disagreement as to the purpose of such fence. Hollowell contends that the fence was constructed in order to establish the boundary line between the parties, but the plaintiffs contend that the fence was constructed west of defendants' property line in order to permit Hollowell's continued use of the road to obtain access to his property. Defendant Hollowell never testified to any parol agreement establishing the fence as the boundary line and plaintiffs denied any such agreement. Defendants' witness, John Wayne Presley, testified that he was present with the defendant Hollowell and plaintiff Bynum when the fence was built in 1953 and, as stated by the Chancellor in his opinion, Presley's testimony was "contradictory in that it offered something for everybody." Presley testified at various points that he considered the fence as the boundary line between the parties, and that he considered the road as the boundary line between the parties.

Plaintiffs further introduced evidence that both the defendants Hollowell's and plaintiffs Chester's deeds described the property line as beginning at a road, which road is alleged to refer to the road claimed by plaintiffs to be the boundary line. Plaintiffs also presented a surveyor who testified that he had surveyed the property and that the boundary line in question was 17½ feet west of the fence that runs between the parties. The defendants did not call any other surveyor to testify to the contrary.

Defendants insist that the trial court committed error in adopting the jury's findings to the effect that the plats and records indicated that the boundary line between the parties was 17½ feet west of the fence. This is a case in which jurisdiction was conferred on the Chancery Court by statute, T.C.A. 16–11–106(a), not because the matter was of an inherently equitable nature, and the verdict rendered by the jury is entitled to all of the weight and effect of a verdict at law. *See* T.C.A. 21–1–103; also *Hurt v. Earnhart,* 539 S.W.2d 133 (Tenn.App.1976). Thus, in reviewing the judgment based on the jury verdict, the appellate courts do not weigh the evidence or decide where the preponderance lies, but determine only whether there is material evidence to support the verdict. *Budiselich v. Rigsby,* 639 S.W.2d 663 (Tenn.App.1982).

In determining whether there is material evidence to support the verdict appellate courts are required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, to disregard all to the contrary, and to allow all reasonable inferences to sustain the verdict. *Budiselich v. Rigsby, supra; D.M. Rose and Co. v. Snyder,* 185 Tenn. 499, 206 S.W.2d 897 (1947). If there is any material evidence to support the verdict it must be affirmed. *City of Chattanooga v. Ballew,* 49 Tenn. App. 310, 354 S.W.2d 806 (1961).

As we view the proof in the record, there is material evidence to support the jury verdict that the boundary line between the parties was 17½ west of a fence constructed between the parties' property, as shown by the testimony of the surveyor, Tony Reasons, the testimony of the plaintiffs (the defendants having elected not to testify), and the deeds introduced into evidence which refer to such road.

The defendants further averred that the trial court erred in failing to find that the parties had acknowledged the fence as the boundary line so as to establish the boundary line by adverse possession. In this connection, the defendants allege that

the trial court failed to find that T.C.A. 28–2–102 was applicable as a matter of law. The statute states:

> *Action barred after seven years.*—On the other hand, any person, and those claiming under him neglecting for the said term of seven (7) years to avail themselves of the benefit of any title, legal or equitable, by action at law or in equity, effectually prosecuted against the person in possession, under recorded assurance of title, as in § 28–2–101, are forever barred.

This section contemplates a contest by the holder of legal title out of possession against a claimant in adverse possession under a registered assurance of title.

■ In actions for adverse possession there is a presumption in favor of possession in subordination to the title of the true owner. *Mathis v. Campbell,* 22 Tenn.App. 40, 117 S.W.2d 764 (1938); *Drewery v. Nelms,* 132 Tenn. 254, 177 S.W. 946 (1915). A party seeking to establish ownership by adverse possession bears the burden of rebutting this presumption, and the claimant must sustain the proposition that the possession was in fact adverse to the true owner.

The evidence in this case does not support the claim of defendants that their use and possession of the disputed property was in any way adverse to the true owner's rights thereto. The enclosure of the disputed portion of the plaintiffs' land by the fence constructed by the plaintiffs and the defendants together does not appear from the proof to have been done with the intention of the defendants holding the strip adversely to the rights of the true owner. All parties used the road within the fence at will until the closing of the gate to the road by the defendants, which action precipitated this lawsuit. Both plaintiffs and defendants participated in the construction and upkeep of the fence, evidencing the plaintiffs' permissive attitude of allowing the defendants' use of the land at the sufferance of their rights of ownership. It is well settled that in order to establish ownership by adverse possession, the claimant must prove by clear and positive proof, all of the elements of adverse possession, including the fact that possession was in fact adverse to the rights of the true owner. *Southern Coal & Iron Co. v. Schwoon,* 145 Tenn. 191, 239 S.W. 398 (1921). Further, since appellants' claims are not based on any recorded assurance of title, T.C.A. 28–2–102 can have no application in this case and the issue raised by defendants is found to be without merit.

■ Finally, the defendants insist that the trial court erred in failing to find that the doctrine of acquiescence would apply so as to vest title in them, based upon the jury's answer to interrogatories in which they stated that all of the parties had acquiesced in the use and stability of the fence. In this contention, defendants rely upon the following jury responses:

Q. Is there a fence between the lands of Hollowell and Bynum?

A. Yes.

Q. If so, how long has said fence been in existence and have the parties acquiesced in its use and stability for that period of time?

A. 28 years in existence—yes.

Q. Is there a fence between the lands of Chester and Hollowell?

A. Yes.

Q. If so, how long has said fence been in existence and have the parties acquiesced in its use and stability for that period of time?

A. 22 years—yes.

Q. Is there a fence between the lands of Woods and Hollowell?

A. Yes.

Q. If so, how long has said fence been in existence, and have the parties acquiesced in its use and stability for that period of time?

A. 19 years—yes.

It appears from the record and from the finding of the jury that the boundary line was 17½ feet west of the fence; that the jury believed that the parties acquiesced in the use and stability of the fence as a

barrier, and not as a boundary; and that the intended purpose of the fence was to permit the use of the road by all parties. We find no inconsistency in the jury's responses to interrogatories, and consequently the claim of the defendants must fail.

The judgment of the trial court is affirmed, and the cause is remanded for such further proceedings, if any, as may be necessary, and for collection of costs below. The costs of this appeal are adjudged against the defendants.

NEARN, P.J. (W.S.), and TOMLIN, J., concur.