**Lue Etta HALLMARK,**
**Plaintiff/Appellant,**

v.

**Jimmy TIDWELL, and wife, Vicki Tidwell, and Jimmy Graham and wife, Pansi Graham, Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section.

Oct. 30, 1992.

Application for Permission to Appeal Denied by Supreme Court March 1, 1993.

Randy Hillhouse, Freemon & Hillhouse, Lawrenceburg, for plaintiff/appellant.

Charles W. Holt, Jr., Boston, Bates and Holt, Lawrenceburg, for defendants/appellees.

## OPINION

TODD, Presiding Judge.

The plaintiff, Lue Etta Hallmark, has appealed from the non-jury dismissal of her suit to have herself declared the owner of certain land because of her occupation and use of same for over twenty years.

### –The Facts–

On May 2, 1961, plaintiff and her husband (now deceased) recorded their deed to a tract of approximately one acre on the Loretto and Dixon Branch Road. Shortly thereafter, they cleared adjoining property not included in their deed. In 1962, the Hallmarks fenced a part of the non-owned cleared property and created a garden on the remainder. The fence and garden were maintained by the Hallmarks until the death of Mr. Hallmark and by plaintiff after the death of her husband until 1991, when this dispute arose.

On June 7, 1991, the defendants, Jimmy Graham and Pansi Graham, purchased from Jimmy Tidwell and Vicki Tidwell, land adjoining plaintiff's land and including the non-owned land which the Hallmarks and later Mrs. Hallmark had occupied and used for 29 years. Mrs. Hallmark resisted the efforts of the Tidwells to occupy and use the disputed property.

### –Trial Court Proceedings–

On August 1, 1991, plaintiff instituted the present suit to assert title to the disputed property by adverse possession and use for more than 20 years.

The Grahams and Tidwells responded, relying upon their deeds and a survey of the land described therein.

After a non-jury trial, the Trial Judge filed an exhaustive memorandum which concludes:

Since the plaintiff has failed to prove that the non-possessing co-tenants were not under disability during the entire period that the plaintiff held the property, plaintiff has not carried her burden of proof in an essential element of her case as required by *Livesay v. Keaton*, 611 S.W.2d 581. [(Tenn.App.1980)]

A judgment of dismissal was entered, and plaintiff appealed.

### –The Issue on Appeal–

Plaintiff presents a single issue for resolution by this Court as follows:

Whether the Trial Court erred in holding that in a prescription action the possessor must prove that the title holder was not under a disability for the twenty (20) year period.

The key to resolution of this issue is the word "co-tenants" which appears in the above quoted memorandum.

By hypothesis, cotenants are parties to a cotenancy. Cotenancy is a tenancy by several distinct titles but by unity of possession, or any joint ownership or common interest with its grantor. *Shephard v. Mt. Vernon Lumber Co.*, 192 Ala. 322, 68 So. 880, 15 ALR 23 (1915). The term is broad enough to comprise both tenancies in common and joint tenancy. *Caldwell v. Farrier*, Tex.Civ.App.1923, 248 S.W. 425; *Black's Law Dictionary*, Fourth Edition, p. 417.

The terms, cotenant and cotenancy, do not include strangers in title who have never held any legal interest in land but claim "squatter's rights" by prescription because of their occupation without title.

There is no evidence that the Hallmarks ever held any legal title or interest in the disputed property. The claim of Mrs. Hallmark is that of a trespasser and not of a cotenant.

Although the Tidwells were former holders of the legal title and the Grahams are the present owners of the legal title, neither the Tidwells nor the Grahams were ever cotenants with the Hallmarks or Mrs. Hallmark, who were trespassers.

Although not relevant to the present situation, the requirement that a cotenant prove that his fellow tenant was competent during 20 years of adverse possession arises from the presumption that a cotenant's possession is not hostile or adverse to his cotenant's unless there has been an "ouster" of the cotenants which would require that each ousted tenant be competent in order to be legally "ousted."

In *Livesay v. Keaton,* Tenn.App.1980, 611 S.W.2d 581, plaintiff, one of several tenants in common, sought to establish absolute title to the land by occupancy for 41 years. This Court affirmed dismissal of plaintiff's suit and said:

> The only allegation in the complaint which states the plaintiff's claim to the land is, as follows:
>
> The plaintiff would show to the Court that he has made every mortgage payment on said property, has paid every tax bill on said property for the last forty-one years, and has held and possessed such property openly, notoriously, continuously, and adversely during such time.
>
> We agree with the chancellor that under the facts there was no ouster by the plaintiff of his cotenants, and, therefore, the plaintiff did not hold the farm adversely to them. *Moore v. Cole* (1956) 200 Tenn. 43, 289 S.W.2d 695; *Marr's Heirs v. Gilliam* (1860) 41 Tenn. 488; *Drewery v. Nelms* (1915) 132 Tenn. 254, 177 S.W. 946.
>
> The plaintiff, however, relies upon the doctrine of title by prescription, which claim is being pressed for the first time in this court. We note that this claim was not explicitly stated in the complaint, but if we treat the above-quoted portion of the complaint as sufficient to place the issue before the chancellor, then the plaintiff must still fail.
>
> To establish title by prescription, the holder must prove each of the elements of that doctrine as stated in the charge given the jury in the case of *Morgan v. Dillard* (1970) 61 Tenn.App. 519, 456 S.W.2d 359:
>
> 1. Has the complainant, [prescriptive holder], been in exclusive and uninterrupted possession of the land in question for a period of more than twenty (20) years—claiming the same as his own, without any account with his *cotenants* or claim on their part—*they being under no disability to assert their rights?* [Emphasis added]
>
> 2. Was the complainant's [prescriptive holder's] occupancy of the property in question by permission either actual or implied of the other [co-tenants]?
>
> The foregoing states the elements necessary to establish a claim under the doctrine of title by prescription. *Drewery v. Nelms, supra; Marr's Heirs v. Gilliam, supra; Eckhardt v. Eckhardt* (1957) 43 Tenn.App. 1, 305 S.W.2d 346. If any one of the elements above-stated is not proven, then the doctrine is not applicable to the case. In the present lawsuit, the plaintiff did not prove that his *co-tenants* were "under no disability to assert their rights" during the period that the plaintiff held the property. Therefore, the chancellor correctly dismissed the lawsuit upon the defendants' motion to dismiss made at the conclusion of the plaintiff's proof. (Emphasis supplied.)

611 S.W.2d pp. 583–584.

In *Moore v. Cole*, cited above, involving tenants in common, the Supreme Court said:

> Tenants in common are jointly seized of the whole estate, each having an equal right of entry and possession, and the possession of one is regarded as the possession of all until a disseizin of the others by actual ouster. *Story v. Saunders*, 27 Tenn. 663; *Marr's Heirs v. Gilliam*, 41 Tenn. 488; *Hubbard v. Wood's Lessee*, 33 Tenn. 279; *King v. Rowan*, 57

Tenn. 675; *Drewery v. Nelms*, 132 Tenn. 254, 261, 177 S.W. 946.

In other words if the property is owned by tenants in common and one tenant is in possession of the property this tenant in common, who is in possession, is duty bound to look after the property and treat and care for it on behalf of himself and his cotenants and he "cannot buy in the common property at a tax sale, or foreclosure sale, or buy in an outstanding title or other overhead claim, except for the benefit of all." This is the doctrine of *Tisdale v. Tisdale*, 34 Tenn. 596, 64 Am.Dec. 775, and many subsequent cases. The doctrine there stated by Judge Caruthers has become a landmark in the law of trusts as well as the rules governing tenants in common looking after the property of their cotenant out of possession. Probably the latest case on the question is *Perkins v. Johnson*, 178 Tenn. 498, 160 S.W.2d 400. If a tenant in common with another intends to try to take the property away from his cotenants, out of possession, he must either give them actual or constructive notice that he is disavowing their interest in the property. He may do this where he gives notice and then he performs any overt, notorious or unequivocal act showing that he is attempting to claim the whole property. When he does this the statute of adverse possession would run against the tenant out of possession. In the instant case the Court of Appeals held that the making of the warranty deed to Lula Williamson and she in turn making the deed back to Casey and his new wife in 1941 was such notice to the heirs of Elizabeth Casey of a hostile possession by R.D. Casey and Eva B. Casey to arouse them to an active investigation and assertion of their rights, and that since they did not assert any claim for more than seven years that thus Eva B. Casey, by virtue of the seven-year statute, Williams' Annotated Code, sec. 8582, T.C.A. sec. 28–201, acquired good title to the property and ousted the heirs of Elizabeth Casey, deceased.

200 Tenn. pp. 48–49, 289 S.W.2d 695.

In *Morgan v. Dillard*, quoted above, the suit was by decedent's son against "the other heirs" who were his cotenants by inheritance.

In *Drewery v. Nelms*, cited above, the parties were heirs or conveyees of heirs of the same person and therefore cotenants by inheritance or conveyance. The Supreme Court said:

This ouster by one tenant in common against his cotenant may occur, but it takes something more than an appropriation of the rents without an accounting. The mere silent, sole occupation by one of the entire property, though he be claiming the whole estate, and appropriating the whole rents, without an accounting to or claim by the others, without notice to his cotenant that his possession is adverse, and unaccompanied by some act which can amount to an exclusion and ouster of the cotenant, cannot be construed into an adverse possession. This ouster and exclusion may be effected by taking possession and affording actual notice of a claim of sole ownership or other positive and unequivocal act that must by its nature put the other cotenants on notice that they are excluded from the possession. A presumption of title in such cases may also arise, upon the same ground that a grant from the State is presumed, by an exclusive and uninterrupted possession of the land by one tenant in common for twenty or more years, claiming the same as his own, without any recognition of his cotenants or claim upon their part.

This is an inference of fact which may be deduced from the whole proof on the subject. This presumption arises independent of the statute of limitations. It may be rebutted by the infancy or other disability of the parties, their actual relationship, or other facts showing the possession was not adverse but by the indulgence, permission, or as tenant of the owner. Disabilities may accumulate to rebut the presumption, which is unlike the statute of limitations. [Citing authorities.]

132 Tenn. pp. 262, 263, 177 S.W. 946.

In *Marr's Heirs v. Gilliam*, cited above, the contest was among the heirs of William

M. Marr who were cotenants. The Supreme Court said:

> ... That one tenant in common may oust his cotenant and hold in severalty is not to be questioned. But the sole, silent occupation by one of the entire property, claiming the whole and taking the whole profits, without an account to or claim by the others, accompanied with no act which can amount to an ouster or give notice to his co-tenant that his possession is adverse, cannot be construed into an adverse possession. And this doctrine of adverse possession is to be taken strictly and must be made out by clear and positive proof, and not by inference, every presumption being in favor of a possession in subordination to the title of the true owner. *McClung v. Ross*, 5 Wheat. 116, 5 L.Ed. 46; 4 Dev. 223–290; 3 How. 674; 9 Johns. 164; Ang. on Lim. 91–99; 1 Sneed, 279–286....

> It is, however, well settled that the exclusive and uninterrupted possession by one tenant in common of land for a great number of years—say for twenty or more—claiming the same as his own, without any account with his cotenants, or claim on their part,—they being under no disability to assert their rights,—becomes evidence of a title to such sole possession, and the jury are authorized to presume a release, an ouster, or other thing necessary to protect the possessor; and the action of ejectment by his cotenants, in such case, is barred. This presumption is an interference of fact to be drawn by the jury, to whom the evidence is to be submitted. 4 Dev. 223–290; Cowp. 217; 6 Cow. 632; 1 Sneed, 279; Ang. on Lim. 93–99. It is made without any reference to our Statute of Limitations, and in no analogy to it. The contrary is sometimes elsewhere stated as the rule; but it is obvious that with us it must, in many particulars, stand independent of our statute; and so we have held. 3 Sneed, 176. Upon the same ground, a grant from the State, a release of an equity of redemption, the payment of a bond, etc., are presumed. But it may be rebutted by the infancy or coverture of the plaintiffs, or by the intervention of a particular estate, the relation of the parties, or other facts showing that the possession was not adverse to the owner, but by his permission or indulgence, or as his tenant....

41 Tenn. pp. 500–502

In *Eckhardt v. Eckhardt,* cited above, the parties were heirs of Ella Jane Eckhardt and her husband, Gus Eckhardt, and therefore cotenants by inheritance. This Court affirmed a judgment sustaining a claim of adverse possession and said:

> The general principle is that there is a relation of trust between tenants in common, each having an equal right of entry and possession, and the possession of one is to be taken as a possession of all so that one's possession cannot be adverse to the others until there is a disseizin by him of the others by actual ouster. *Moore v. Cole* [200] Tenn. [43] 289 S.W.(2d) 695, 697; *Hydas v. Johnson,* 28 Tenn.App. 126, 187 S.W.(2d) 534; *Marr's Heirs v. Gilliam,* 41 Tenn. 488, 499–501; *Drewery v. Nelms,* 132 Tenn. 254, 261–263, 177 S.W. 946, 947–948.

> "That one tenant in common may oust his cotenant and hold in severalty is not to be questioned. But the sole, silent occupation by one of the entire property, claiming the whole and taking the whole profits, without an account to or claim by the others, accompanied with no act which can amount to an ouster or give notice to his cotenant that his possession is adverse, cannot be construed into an adverse possession." *Marr's Heirs v. Gilliam, supra,* 41 Tenn. at 500; *Drewery v. Nelms, supra,* 132 Tenn. at 262, 177 S.W. at 948.

When Gus Eckhardt's life estate fell in and W.C. Eckhart took possession of lot No. 31 in 1935, the presumption was that his possession was also the possession of the other tenants in common, the complainants, and the seven years statute of limitations would not begin to run against them until he disseized them by an actual ouster or such an act as gave them knowledge or actual notice that his holding was adverse to them.

We find no sufficient proof of such an ouster or any act by him giving them

actual notice that his holding was adverse to them, nor anything except the mere fact of his holding lot No. 31, claiming it, and taking the profits, without accounting to them. But such holding was not under a registered assurance of title, as required by 1932 Code, section 8582 (T.C.A. sec. 28–201); and we think the proof failed to establish a possessory right in him under section 8584 (T.C.A. sec. 28–203).

Nor did his wife, defendant herein, who succeeded to his possession, have any registered assurance of title to lot No. 31. As we have seen, his will did not describe the property, and so was not an assurance of title but was too general to constitute constructive notice to complainants that their interests were being devised, and hence her holding under this will did not constitute an ouster of them or put the statute of limitations into operation against them. *Woods v. Richardson*, 190 Tenn. 662, 668, 231 S.W.(2d) 340, 342.

So, while she failed to make out her title to this lot by adverse possession under our statute of limitations, we think she did make out her title by prescription or 20 years exclusive and uninterrupted possession. Under the above authorities, she could tack her husband's possession to her own, and the two of them had exclusive and uninterrupted adverse possession for more than 20 years, claiming the entire interest, taking the whole rents and profits, without accounting to the cotenants. This was sufficient to warrant a finding of title in her under a grant that had been lost.

43 Tenn.App. pp. 5, 6, 305 S.W.2d 346.

■ The foregoing discussion of authorities on the law of cotenancy is immaterial to the issue in this appeal which is not between cotenants, but between the holders of legal title and a stranger claiming solely by adverse possession or description. The discussion is included solely to demonstrate that the authorities on adverse possession between cotenants are not applicable to the present dispute between holders of legal title and strangers to the title claiming by adverse possession or prescription.

This Court is likewise unable to agree with the Trial Judge that, in a case such as this, where strangers to the title claim against the holder of the legal title, the burden is upon the plaintiff/adverse claimant to prove that no holder of the legal title was under any disability at any time during the period of adverse possession.

In *Smelcer v. Rippetoe*, 24 Tenn.App. 516, 147 S.W.2d 109 (1941), this Court upheld a prescriptive right to maintain a dam and said:

It is next insisted that there is no showing that the possession of defendant and his predecessors in title was adverse to the rights of complainants while all of them were free from disability to resist such claim. Under the state of the proof in this case it will be presumed that all of the owners of the property were free from disability. The Supreme Court of this State has repeatedly held that the burden of proof to establish an exception to the operation of the Statute of Limitations is upon him who asserts it, and that a right of prescription is similar to one acquired under the Statute of Limitations. It has even been held that this defense must be specially pleaded in order to be available, and that when it is shown that there has been an adverse user for a period of twenty years, it will be presumed that the owner of the land was capable of suing or acquiescing in the prescription. *Davis v. Louisville & N. Ry.*, 147 Tenn. 1, 244 S.W. 483; *Ferguson v. Prince*, 136 Tenn. 543, 190 S.W. 548; *Jones v. Coal, etc., Co.*, 133 Tenn. 159, 180 S.W. 179.

24 Tenn.App. p. 524, 147 S.W.2d 109.

■ After more than 20 years of adverse possession, a grant from the State will be presumed. *Derryberry v. Ledford*, Tenn. App. 1973, 506 S.W.2d 152; *Webb v. Harris*, 44 Tenn.App. 492, 315 S.W.2d 274 (1958).

■ Where from long possession the presumption of a grant to complainants arises, it is not necessary that they show title by paper writings, uninterrupted possession for 20 years being sufficient to

evidence title and seizin in fee. *Keel v. Sutton,* 142 Tenn. 341, 219 S.W. 351 (1920).

■ Title under common law doctrine of presumption of title does not require even color of title. *Freeman v. Martin Robowask, Inc.,* 61 Tenn.App. 677, 457 S.W.2d 606 (1970).

■ It is uncontroverted that plaintiff and her cotenant by the entireties, her deceased husband, have been in open, public, hostile and adverse possession of the land claimed in this suit for more than 20 years, in fact, 29 years, without challenge by the legal owners until 1991, immediately prior to this suit.

Under the above cited authorities, the plaintiff has acquired a fee simple absolute title to the land so occupied and is entitled to have such right declared by judicial decree.

The judgment of the Trial Court is reversed and the cause is remanded to the Trial Court for entry and enforcement of a judgment consistent with this opinion. All costs, including costs of this appeal, are taxed against the defendants, jointly and severally.

Reversed, Rendered, Remanded.

CANTRELL and FRANKS, JJ., concur.