# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

June 12, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| RONDA GALE WILDER, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Warren Circuit |
| | ) | No. 8680 |
| VS. | ) | |
| | ) | Appeal No. |
| LLOYD CLINTON RAINS, | ) | 01A01-9709-CV-00519 |
| | ) | |
| Defendant/Appellee. | ) | |

APPEAL FROM THE CIRCUIT COURT
FOR WARREN COUNTY
AT McMINNVILLE, TENNESSEE

THE HONORABLE CHARLES D. HASTON, JUDGE

For Plaintiff/Appellant:

Bernard K. Smith
H. Thomas Parsons
Parsons, Nichols & Johnson
Manchester, Tennessee

For Defendant/Appellee:

B. Timothy Pirtle
McMinnville, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This appeal arose from a collision on a two-lane rural road in which a vehicle traveling in one lane struck a vehicle that was turning left. The driver of the oncoming vehicle sued the driver of the turning vehicle in the Circuit Court for Warren County. After a jury returned a verdict allocating fault equally between the two drivers, the trial court entered a judgment awarding nothing to the plaintiff driver. On this appeal, the plaintiff driver asserts that the evidence does not support the jury's verdict. We have determined that the record contains material evidence to support the jury's verdict and, therefore, affirm the judgment in accordance with Tenn. Ct. App. R. 10(b).[1]

## I.

Ronda Gale Wilder was driving to work on the morning of April 29, 1992 on Old Wells Road, a two-lane rural road in Warren County. At the same time, Lloyd Clinton Rains was driving in the opposite direction along Old Wells Road following an early morning of hunting. Mr. Rains was in the process of turning left across Ms. Wilder's lane of travel when Ms. Wilder breached the crest of a hill and struck the front half of the passenger's side of Mr. Rains's truck.

Mr. Rains testified at trial that he had stopped and had checked for oncoming traffic before he began his turn and that he did not see Ms. Wilder's automobile when he started his turn. For her part, Ms. Wilder stated that she was driving at a safe speed and that Mr. Rains simply turned into the path of her automobile. A jury returned a verdict apportioning fifty percent of the fault to Ms. Wilder and fifty percent to Mr. Rains. In accordance with Tennessee's modified comparative fault

---

[1]Tenn. Ct. App. R. 10(b) provides that

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied upon for any reason in a subsequent unrelated case.

system,[2] the trial court entered a judgment awarding Ms. Wilder nothing. The trial court later denied Ms. Wilder's motion for a new trial. Ms. Wilder has perfected this appeal and insists that the record contains no material evidence to support the verdict.

## II.

We do not reweigh the evidence or re-evaluate the credibility of witnesses when we are called upon to review the evidentiary foundation of a jury verdict. *See Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn. 1994); *Witter v. Nesbit*, 878 S.W.2d 116, 121 (Tenn. Ct. App. 1993). It is irrelevant where the weight or the preponderance of the evidence lies. *See Memphis St. Ry. Co. v. Norris*, 108 Tenn. 632, 634, 69 S.W. 325, 326 (1902); *Bynum v. Hollowell*, 656 S.W.2d 400, 402 (Tenn. Ct. App. 1983). Our task is to review the record to determine whether it contains material evidence to support the jury's verdict. *See* Tenn. R. App. P. 13(d); *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d at 823. Accordingly, we take the strongest legitimate view of the evidence supporting the verdict, *see Electric Power Bd. v. St. Joseph Valley Structural Steel Corp.*, 691 S.W.2d 522, 526 (Tenn. 1985), and will set aside a jury verdict only if there is no material evidence to support it. *See Whitaker v. Harmon*, 879 S.W.2d 865, 867 (Tenn. Ct. App. 1994).

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there is material evidence to support the jury's equal allocation of fault between Ms. Wilder and Mr. Rains. The accident occurred near the crest of a hill, and the photographic evidence depicts a limited sight distance. Taking into consideration Mr. Rains's testimony that the road was clear before he began his left turn, the point of impact on Mr. Rains's truck, and the damage to both vehicles, the jury could have determined that Ms. Wilder was not driving at a safe speed given her limited sight distance. Both parties presented the jury with little more than their own self-serving accounts of the accident. The jury heard the parties' testimony, observed the parties as they testified, and determined that they were equally at fault. We have no basis for concluding that the record does not contain material evidence supporting the verdict.

_____

[2]*See McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992) (holding that a plaintiff may recover only if his or her negligence either does not exceed or is less than the defendant's negligence).

## III.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Ronda Gale Wilder and her surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM B. CAIN, JUDGE