# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## MARY JANE LUSK,  v. JESSE W. ENGLETT, VIRGINIA P. ENGLETT, AND JOSEPH  D. ENGLETT.

**Direct Appeal from the Chancery Court for Lewis County**
**No. 3624 Donald P. Harris, Judge,**

**No. M1999-00294-COA-R3-CV - Decided April 17, 2000**

In this boundary dispute, the Chancellor declared the boundary between the parties based upon the parties' deeds, and rejected defendants' contention that an old fence row established the boundary. Defendant has appealed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

FRANKS, J., delivered the opinion of the court, in which GODDARD, P.J., and SWINEY, J, joined.

David D. Peluso, Hohenwald, Tennessee for the Defendants-Appellants.

Douglas Thompson Bates, III, Centerville, Tennessee for Plaintiff-Appellee.

### OPINION

In this boundary dispute over the parties' adjoining parcels of property, both parties' deeds state that the boundary line in question runs north at 38 degrees. This call is used in all of the deeds in plaintiff's chain of title back to 1935. In defendants' chain of title there are at least seven deeds prior to defendants' which use the 38 degree call back to 1950. Prior to that, there are four deeds in defendants' chain of title which use a 28 degree call, but preceding those deeds there are two deeds which use a 38 degree call back to 1920.

Defendants, however, presented evidence of the existence of an old fence dating back to the 1940's, which they claim to be the boundary.

Plaintiff employed a surveyor, Kenneth Carroll, who surveyed the property and prepared a plat which follows the calls in the deeds. Defendant also hired a surveyor who did not take issue with the location of the 38 degree line, but who opined that since the beginning and ending

points of the fence, which do not run in a straight line were in close proximity to the 28 degree line, the fence should probably be the boundary.

On appeal, we review the Trial Court's finding of fact *de novo* with a presumption of correctness. T.R.A.P. Rule 13(d). The Trial Court admitted the Kenneth Carroll survey into evidence on behalf of the plaintiff, though the plat was presented by Scottie Brewer, Carroll's assistant, who actually did the measurements and shot the lines on the property. Defendants argue this was error based upon Tennessee Rules of Evidence 901(b)(1), which states that evidence should be authenticated by a witness with knowledge. Tennessee Rules of Evidence 901 further states that there must be sufficient evidence to prove to the Court that the matter in question is what the proponent claims it to be.

Brewer explained exactly what was done and how they established the 38 degree line, and defendants' own surveyor did not take issue with their location of the 38 degree line as called for in the deeds. The Trial Court concluded that Brewer was able to adequately identify the 38 degree line and we find no abuse of discretion of the Trial Court's allowing Brewer to identify the line on the survey, as the survey was only introduced for this limited purpose.

Defendants contend that the Carroll survey was somehow flawed in its location of the 38 degree boundary line, but had no countervailing proof that the Carroll survey was improper, since their own surveyor showed precisely the same result regarding the 38 degree line.

Next, defendants argue that the fence should have been recognized as a boundary line due either to acquiescence or adverse possession. Under common law, legal title to real property may be acquired by prescription, "that is twenty years actual adverse possession, with or without color of title". *Moore v. Brannan,*, 304 S.W.2d 660, 670 (Tenn. Ct. App. 1957). Adverse possession requires possession which is actual, visible, continuous, notorious and exclusive. *Sequatchie Val. Coal & Iron co. v. Coppinger*, 32 S.W. 465 (Tenn. 1895). Occasional acts of trespass are not sufficient. *Fuller v. Jackson,* 62 S.W. 274 (Tenn. Ct. App. 1901).

In an adverse possession action, there is "a presumption in favor of possession in subordination to the title of the true owner." *Bynum v. Hollowell*, 656 S.W.2d 400 (Tenn. Ct. App. 1983). The party seeking to establish ownership by adverse possession bears the burden of rebutting this presumption, and the acts relied upon to prove adverse possession must "be of such a character as to leave no doubt of claim of ownership" and must "give notice to the public of the possession and the claim." *Blankensip v. Blankenship*, 658 S.W.2d 125 (Tenn. Ct. App. 1983).

There is essentially no proof of any adverse or hostile possession in this record, and this issue is without merit. There are cases which hold that when a fence is erected that encloses a portion of someone else's land, and that portion is enclosed for the requisite period, then the holder has adversely possessed the land. *See e.g., Lemm v. Adams*, 955 S.W.2d 70 (Tenn. Ct. App. 1997); *Hallmark v. Tidwell*, 849 S.W.2d 787 (Tenn. Ct. App. 1992). These cases are cases where the person claiming the property by adverse possession actually erected the fence. The fence in this case was erected by plaintiff's predecessor, not defendants herein, and one of plaintiff's predecessor's testified

that she helped erect the fence and it was not intended to be a boundary, but merely used to fence in crops. In this connection *see Bynum v. Hollowell*, 656 S.W.2d 400 (Tenn. Ct. App. 1983). The evidence does not preponderate against the Trial Court's determining the location of the boundary between the parties. T.R.A.P. Rule 13(d).

Plaintiff asked this Court to find that defendants' appeal is frivolous, pursuant to Tennessee Code Annotated §27-1-122. We cannot say that this appeal was totally lacking in merit, or taken for delay, so as to invoke the statutory penalty.

We affirm the judgment of the Trial Court with cost of the appeal assessed to defendants.